# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,
_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,

Adversary No. 19-03018-dof

v

Barbara Duggan,
        Defendant.
_____/

## MOTION FOR SUMMARY JUDGMENT
## ON ADVERSARY PROCEEDING NO. 19-03018-DOF

    **NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

    1.    On May 24, 2012 Christopher D. Wyman ("Debtor") filed a Voluntary Bankruptcy under Chapter 7 of the Bankruptcy Reform Act of 1978, as Amended, Title 11.

    2.    Subsequent of the aforementioned bankruptcy filing, Michael A. Mason was appointed the duly qualified and acting Chapter 7 Trustee in this matter.

    3.    On August 26, 2014 Samuel D. Sweet was appointed the replacement Trustee upon the retirement of Michael A. Mason.

    4.    The creditor herein, Barbara Duggan, filed a Judgment Lien against certain real property owned by a transferee of the Debtor being 1011 Jones Road, Howell, Michigan.

    5.    That filing at the Register of Deeds Office was conducted on May 3, 2012 perfected via the attached Exhibit B herein which is a Notice of Claim of Interest filed by Michael Tindall on behalf of Barbara Duggan.

    6.    Subsequent to the aforementioned recordation of a Judgment Lien, this creditor filed a Proof of Claim in this bankruptcy case being a secured claim in the amount of $28,398.53. Said claim is attached hereto as Exhibit C.

7. Further, attached hereto as Exhibit D, is the title work and title commitment from First American Title Company relative to the identified property of 1011 Jones Road property.

**WHEREFORE**, Trustee prays this Honorable Court enter the Order attached hereto as Exhibit "A" and for such other and further relief this Court deems just and proper.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
P.O. Box 757
Ortonville, MI 48462-0757
Dated: 3/20/2019     (248) 236-0985
ssweet@trusteesweet.us

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

       DEBTOR,
_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
       Plaintiff,

Adversary No. 19-03018-dof

v

Barbara Duggan,
       Defendant.
_____/

## ORDER GRANTING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON ADVERSARY PROCEEDING NO. 19-03018-DOF

    This matter having come before this Honorable Court based upon the Trustee's Motion for Summary Judgment on Adversary Proceeding No. 19-03018-dof; no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly, pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

    **IT IS HEREBY ORDERED** that the Judicial Lien of Barbara Duggan is deemed expired and considered satisfied and removed from the title to 1011 Jones Road, Howell, Michigan.

_____
HONORABLE DANIEL S. OPPERMAN
UNITED STATES BANKRUPTCY JUDGE

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,
v

Barbara Duggan,
        Defendant.
_____/

Adversary No. 19-03018-dof

**NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON ADVERSARY PROCEEDING NO. 19-033018-DOF**

    Trustee, Samuel D. Sweet, has filed papers with the Court for Summary Judgment in Adversary Proceeding No. 19-03018-dof.

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    If you do not want the Court to allow the Trustee's Motion, or if you want the Court to consider your views on the Motion, within twenty-one (21) days, you or your attorney must:

1. File with the Court a written response or an answer which must comply with F.R.Civ.P. 8(b), (c) and (e) explaining your position pursuant to L.B.R. 9014-1 at:

    Clerk of the United States Bankruptcy Court
    Eastern District of Michigan-Southern Division
    226 West Second Street, Flint, Michigan 48462-0757

    If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

    You must also mail a copy to: Samuel D. Sweet, Attorney for Trustee (at address below)

2. If a response or answer is timely filed and served, the Clerk will schedule a hearing on the motion/objection and you will be served with a notice of the date, time and location of the hearing.

    **If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an Order granting that relief.**

                SAMUEL D. SWEET, PLC

                /s/ Samuel D. Sweet
                By: Samuel D. Sweet (P 48668)
                Attorneys for Trustee
                P.O. Box 757
                Ortonville, MI 48462-0757

Date Served: 3/20/2019
                (248) 236-0985
                ssweet@trusteesweet.us

[1] Response or answer must comply with F.R. Civ. P 8 (b) (c) and (e)

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,
_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,

v

Barbara Duggan,
        Defendant.
_____/

Adversary No. 19-03018-dof

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

    Trustee's Motion for Summary Judgment on Adversary Proceeding No. 19-03018-dof

*was electronically served on the 20th day of March, 2019, upon:*

| | |
|---|---|
| Dennis L. Perkins | Elie Bejjani |
| Attorney for Debtor | Attorney for Barbara Duggan |
| bkperk@sbcglobal.net | elie@bejjanilaw.com |
| (Via ECF Only) | (Via ECF Only) |

*was served via First Class Mail, pre-paid postage, on this 20th day of March, 2019, addressed as follows:*

| | |
|---|---|
| Christopher D. Wyman | Michael E. Tindall |
| 6241 Grand River Road | 18530 Mack Ave., Ste. 430 |
| Brighton, MI 48114 | Detroit, Michigan 48236 |

**\*\*NOTICE TO CREDITORS AND OTHER PARTIES OF INTEREST WAS SERVED ON ALL PARTIES LISTED ON THE ATTACHED COURT MATRIX\*\***

        /s/ Jessica A. Will
        SAMUEL D. SWEET, PLC
        Jessica A. Will, Legal Assistant
        P.O. Box 757
        Ortonville, MI 48462-0757
        (248) 236-0985
        jwill@trusteesweet.us

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,
_____/

CASE NO. 12-33264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,

Adversary No. 19-03018-dof

v

Barbara Duggan,
        Defendant.
_____/

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## ON ADVERSARY PROCEEDING NO. 19-03018-DOF

**NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby puts forth this Brief in Support of his Motion for Summary Judgment with respect to this adversary proceeding.

As the Court is well aware, this case has had a long and tortured history, starting in the early parts of 2012. The Bankruptcy Estate employed Michael Tindall who was at that point and still seems to be representing Barbara Duggan in an action against the Debtor, Christopher Wyman, relative to construction work done on Ms. Duggan's house or property.

Mr. Tindall obtained a Judgment on behalf of Ms. Duggan against Christopher Wyman. The Judgment appears to have been certified and recorded against Mr. Wyman's property or property he had recently transferred to Michelle Pichler that being 1011 Jones Road, Howell, Michigan. Attached to the Motion is the Notice of Claim of Interest filed by Mr. Tindall on Ms. Duggan's behalf. The Trustee believes that this is an effective Judgment Lien and as such should be treated as same pursuant to 600.2809 of the Michigan Compiled Laws.

As a result of the Judgment Lien status on behalf of Ms. Duggan, Ms. Duggan was required pursuant to MCL 600.2809 to recertify and re-record the Judgment Lien.

Should a Judgment Lien not be re-recorded within 120 days of the initial expiration of the five year period, it is clear that the Judgment Lien will expire or be extinguished MCL 600.2809(1) and (4).

As a result of the foregoing, should a Judgment Lien not be re-recorded within five years of its original certification then it is clear that said Judgment Lien is expired. That was not done in this case as the chain of title identifies being Exhibit D of the Trustee's Motion.

The Defendant may argue that in some way the re-recordation was tolled or should have been tolled by some tolling mechanism perhaps equitable tolling or the specific statute on tolling being MCL 600.5856. Unfortunately none of those statutes provide for the tolling of this time period and in fact, the very statute upon which the Judgment Lien is created being MCL 600.2809 requires that this recordation be done within five years and no tolling will be effective. It specifically provides that the filing of a state or federal insolvency proceeding by the Judgment Debtor does not toll or suspend the time in which a Judgment Lien is effective. As such, the Judgment Lien is only effective from five years from its original recordation.

The Defendant may argue that in fact they were barred from refiling the Judgment Lien in the chain of title as it is in some way a violation of the automatic stay pursuant to Section 362 of the Bankruptcy Code.

The Trustee argues that pursuant to Section 362(b)(3) of the Bankruptcy Code this creditor was not barred from re-recording their Judgment Lien and in fact could have easily re-recorded their Judgment Lien with a simple act as required by the statute. The creditor could have easily re-recorded they were not told there was no extenuating circumstances that this Trustee is aware of and as such this Judgment Lien should be deemed extinguished and expired.

Based upon the simple language of MCL 600.2809, the Lien of Barbara Duggan should be deemed expired and extinguished from the title of 1011 Jones Road, Howell, Michigan.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
P.O. Box 757
Ortonville, MI 48462-0757
Dated: 3/20/2019     (248) 236-0985
ssweet@trusteesweet.us