UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
           *Debtor(s)*,

_____\\

SAMUEL D. SWEET, Trustee,
        Plaintiff,
v.
BARBRA DUGGAN,
        Defendant
_____\\

ADV. NO:19-03018
CASE NO. 12-32264
CHAPTER 7

## DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, COUNTER COMPLAINT AND JURY DEMAND IN RESPONSE TO TRUSTEE SWEET'S FIRST AMENDED COMPLAINT WITH CERTIFICATE OF SERVICE

Now comes Partial Assignee MICHAEL E. TINDALL, in pro per, and Partial Assignor BARBARA DUGGAN, by and through her attorney Elie Bejjani Esq., and in accordance with this Courts Order dated March 18, 2019, DE 216, responds to the Amended Complaint of Trustee Sweet, DE 217, as follows:

## ANSWER

1. Admit.
2. Admit.
3. Admit.
4. Denied. In further answer Defendants state Duggan was a Co-Plaintiff in an adversary proceeding in this Court totally unrelated [as to her] to her Judgment Lien against three (3) non-debtor third parties and settled her common law fraud claim against one non-debtor third

party, on terms having nothing to do with her Judgment Lien or the dispute in this case.

5. Defendants can neither admit nor deny the allegations contained in paragraph 5 of the Amended Complaint, as the sole burden of proof in this matter is on Trustee Sweet, who has refused to comply with this Court's discovery Order, and, refused to comply with his mandatory pre-discovery disclosure obligations under FRCP 26, made applicable by Fed. R. Bank. 7026.See, Exhibit 3.
6. Admit.
7. Admit
8. Admit secured claim is a pre-petition Judgment Lien.
9. Paragraph 9 of the Amended Complaint is a legal conclusion not requiring Answer.
10. Paragraph 10 is a legal conclusion not requiring Answer.
11. Denied.

Wherefore, Defendants respectfully request Trustee Sweet's Amended Complaint/Objection be DISMISSED on the pleadings, under *FRCP 12(c)*, and that Ms. Duggan be awarded her costs and actual attorney fees wrongfully incurred in defending this action under *28 USC 1927*.

## AFFIRMATIVE DEFENSES

Now come Defendants and for their Affirmative Defenses to Trustee Sweet's Amended Complaint state as follows:

1. The five (5) year period of *MCL 600.2809* was tolled, as a matter of Michigan law, in 2012. Therefore, the Judgment Lien has never expired and remains valid under Michigan law.

2. Even if expired, a Proof of Claim speaks, as a matter of federal law, as of the date of Bankruptcy, under *11 USC 504 and 506*. Therefore, the claim is both allowed and secured.
3. Defendants plead the Affirmative Defense of waiver, by Trustee Sweet.
4. Defendants plead the Affirmative Defense of estoppel, by Trustee Sweet.
5. Defendants plead the Affirmative Defense of "judicial estoppel," by Trustee Sweet.
6. Defendants plead the Affirmative Defense of Intentional Breach of Fiduciary Duty, Intentional Waste, and, Gross Negligence, by Trustee Sweet.
7. Trustee Sweet's Amended Complaint/Objection fails to state a cause of action and Defendants are entitled to Judgment on the pleadings under *FRCP 12(c)*.
8. Trustee Sweet's Amended Complaint/Objection is knowingly and intentionally frivolous and was intentionally filed in violation of *28 USC 1927* to wrongfully multiply proceedings unreasonably and vexatiously.

## **COUNTER COMPLAINT**

Now come Defendants and for their Counter Complaint against Trustee Sweet and the Bankrupt Estates state:

1. Duggan's secured claim in this matter arose out of a state court proceeding commenced against Debtor and three (3) non-debtor transferees in March 2012.

2. Jurisdiction over the Debtor, in the state court, was obtained with the Appearance of his counsel in state court April 23, 2012. See, Exhibit 1.

3. Duggan's Judgment Lien was perfected May 3, 2012 at 8:44:21 AM.

4. Jurisdiction in the state court over Debtor and the three (3) non-debtor third parties was obtained, again, in state court, on or before May 25, 2012, and, yet again, in this Court, on or about June 14, 2012. See, Exhibit 2.

## COUNT I: DECLARATORY JUDGMENT

5. Defendants incorporate herein, by reference, the allegations contained in paragraphs 1-4 above.

6. *MCL 600.2932(1)* states, in pertinent part:

> "(1) **Any person, whether he is in possession of the land in question or not**, who claims **any right in, title to, ... interest in, or right to possession of land,** may bring an action .... **against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.**"

7. *MCL 600.2809* is a statute of repose. *See, CTS Corp. v. Waldburger, 573 US 1, 134 S. CT. 2175, 189 L. Ed. 2d 62 (2014).*

8. *MCL 600.5856* states, in relevant part:

> "The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.
>
> (b) **At the time jurisdiction over the defendant is otherwise acquired.**"

9. Under Michigan law, the five (5) year period contained in *MCL 600.2809* was tolled on or about May 25, 2012 [but certainly no later than June 14, 2012] and therefore never expired.

10. Under Michigan law, Duggan's Judgment Lien remains valid and constitutes a first lien superior to all claims of any other person in this Bankruptcy case, including Trustee Sweet.

Wherefore, Defendants respectfully request this Court grant Judgment, in favor of Defendants and against Trustee Sweet allowing Duggan's secured claim, declaring Duggan's Judgment Lien a valid first lien against the subject property, and, awarding Duggan her costs and actual attorney fees wrongfully incurred under *28 USC 1927*.

## COUNT II: BREACH OF FIDUCIARY DUTY AND WASTE

11. Defendants incorporate by reference herein the allegations contained in paragraphs 1 through 10 above.

12. Trustee Sweet is a fiduciary with the obligation, under *11 USC 704*, to protect and preserve property of the Bankrupt Estate for the benefit of creditors.

13. 1011 Jones Rd. has been occupied solely by the Debtor since the filing of the Petition on May 24, 2012.

14. From the date of the Petition, to and through the current date, Debtor has paid noting to continue to occupy the property.

15. Trustee Mason inspected the property in July 2014, on the first occasion that access to the property could be had, and discovered the property was not being maintained and that the Debtor was causing waste to the property and devaluing its value.

16. Despite the continuing damage being caused to the property by the Debtor, Trustee Mason obtained an offer to purchase 1011 Jones Rd.

[realty only] for $82,000.00 on July 14, 2014, at least $50,000.00 more than the amount of Duggan's lien.

17. Thereafter, in August – September 2014, Trustee Mason was succeeded by Trustee Sweet.

18. Despite actual knowledge of the continuing decline in the condition of the property, Trustee Sweet intentionally continued to let Debtor occupy the property, without compensation; intentionally took no action to protect the property from further destruction or to preserve its value; and, literally, continued to intentionally ignore the continuing damage and devaluation of the property throughout the five (5) year period 2014 through 2019.

19. Upon information and belief, Trustee Sweet proposes to sell assets of the Bankrupt estate, the subject real property and a significant amount of heavy industrial construction equipment, to Gentry Sales, Inc., for $65,000.00 through private sale. Neither the equipment nor the real property has ever been listed with a broker or subjected to other forms of public bidding/auction/sale.

20. In 2017, Trustee Sweet testified, on the record in this Court, that, after inspection of the subject construction equipment, the estimated value of the equipment was $50,000.00.

21. Upon information and belief, and, based on the documented offer obtained in 2014 by Trustee Mason; and, Trustee Sweet's own testimony, the value of the real property only ($65,000 - $50,000 ) has been reduced to a mere $15,000.00 between 2014 and 2019, far less than the amount of Duggan's Judgment Lien.

22. Trustee Sweet has intentionally suffered waste to the subject real property in the amount of at least $67,000 ($82,000 - $15,000); and,

has caused damages, waste and loss of value to Duggan's collateral securing her lien of at least $17,000.00 ($32,000 - $15,000).

23. Trustee Sweet and his bonding company and the Bankrupt estate are liable to Duggan for at least $17,000.00 for waste to the real property; and, loss to the general creditors of the estate in the amount of $50,000.00; for failing to protect and preserve the value of the real property under *11 USC 704*.

Wherefore, Defendants respectfully request this Court enter Judgment in favor of Defendants and against Trustee Sweet and his bonding company for breach of fiduciary duty and waste, together with Duggan's actual costs and attorney fees wrongfully incurred, under *28 USC 1927*.

## COUNT III: ABANDONMENT 11 USC 554(b)

24. Defendants incorporate herein, by reference, the allegations contained in paragraphs 1-23 above.

25. *11 USC 554(b)* states, in relevant part:

> "(b) On request of a party in interest and <u>after notice and a hearing</u>, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

26. Upon information and belief, the subject real property has been subjected to years of intentional waste and diminution in value, all as set forth above in Count II.

27. Upon information and belief, due to the condition of the subject real property, Trustee Sweet has made no attempt(s) to list the property or otherwise produce competitive market offers for the real property and intends to sell the subject property to Gentry Sales, Inc.,

pursuant to this Court's Order dated March 13, 2019, DE 212, for $500 cash and a land contract for $64,500.

28. Upon information and belief, Trustee Sweet intends to transfer Duggan's Judgment Lien against the real property to the land contract – with no equity in it – without payment to Duggan.

29 Upon information and belief, Trustee Sweet deems any such land contract to be "proceeds of sale" within this Court's Order.

30. *MCL 600.2819* states, in relevant part:

> "There is no right to foreclose a judgment lien created under this chapter. **At the time the judgment debtor ... sells under an executory contract... the judgment debtor shall pay the amount due to the judgment creditor ...**"

31. Under Michigan law, property subject to a Judgment Lien cannot be sold on land contract without full payment of the Judgment Lien.

32. Under federal law, a land contract is not "proceeds of sale." *See, In re Terrell, 892 F.2d 469 (1989); In re Ravneswood Apts. Ltd., 338 BR 307 (6th Cir BAP 2006)*.

33. The sale proposed by Trustee Sweet violates both Michigan and federal law and would be invalid.

34 As a consequence of Trustee Sweet's intentional suffering of waste to the real property, as set forth above and as exhibited by his own actions, the subject real property is burdensome to the Bankrupt Estate and is of inconsequential value and benefit to the estate.

35. 1011 Jones Rd. should be abandoned to Duggan, under *11 USC 554(b)*.

Wherefore, Defendants respectfully request this Court grant Judgment to Defendants against Trustee Sweet, abandon the real property – 1011 Jones

Rd. - to Duggan, and, award Duggan her costs and actual attorney fees wrongfully incurred under *28 USC 1927.*

## JURY DEMAND:

Defendants demand trial by jury of all issues so triable.

Respectfully Submitted,

Dated: 3/22/19

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

**BEJJANI LAW PLLC**
/s/ Elie Bejjani

DATED: March 21, 2019

Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

## CERTIFICATE OF SERVICE

This Answer was served on Plaintiff SAMUEL D. SWEET on March 22, 2019 through the ECF filing system.

# EXHIBIT NO: 1

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

BARBARA DUGGAN

        Plaintiff,

vs.

CHRIS WYMAN d/b/a CD WYMAN

        Defendant.

NO: 09-4485-GC

HON. L. SUZANNE GEDDIS

_____/

**Tindall Law**
By: **Michael E. Tindall (P29090)**
Attorney for Plaintiff
P.O. Box 46564
Mt. Clemens, MI 48046
(313) 638-7613

**Dennis L. Perkins (P28568)**
Attorney for Defendant
105 E. Grand River
Howell, MI 48843
(517) 546-6623

## APPEARANCE AND NOTICE OF APPEARANCE

TO:   Michael E. Tindall
       Attorney at Law
       P.O. Box 46564
       Mt. Clemens, MI 48046

NOW COMES Dennis L. Perkins, attorney at law, and hereby enters his Appearance in this case, as attorney for Defendant, Chris Wyman.

Dated: 4/23/12

_____
Dennis L. Perkins (P28568)
Attorney for Defendant

### PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on _April 23_, 2012.

By:   [ ] U.S. Mail           [X] FAX
      [X] Hand Delivered   [ ] Overnight Courier
      [ ] Certified Mail    [ ] Other:

Signature: _Patricia A Maten_
PATRICIA MATEN



# EXHIBIT NO: 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:  Case No. 12-32264
 Chapter 7
CHRISTOPHER D. WYMAN  Judge Opperman

       Debtor.
_____/

## ORDER REGARDING 1) MOTION FOR ORDER FOR RULE 2004 EXAMINATION, AND 2) COMBINED MOTION FOR PERMISSIVE ABSTENTION AND FOR ORDER CLARIFYING AUTOMATIC STAY

Creditor Barbara Duggan ("Duggan") having filed her Motion for Order for Rule 2004 Examination on June 1, 2012 (Docket No. 19, the "2004 Motion"); the Debtor, Christopher D. Wyman, having filed a timely Answer to the 2004 Motion on June 14, 2012 (Docket No. 23); other affected parties also having filed responses to the 2004 Motion; the Court having scheduled a hearing on the 2004 Motion for July 11, 2012, at 9:30 a.m. (the "2004 Motion Hearing"); Duggan also having filed her Combined Motion for Permissive Abstention and for Order Clarifying Automatic Stay on June 18, 2012 (Docket No. 38, the "Abstention Motion"); the Debtor having filed a timely Answer to the Abstention Motion on July 2, 2012 (Docket No. 47); the Chapter 7 Trustee, Michael A. Mason, having filed a Partial Concurrence in the Abstention Motion on July 9, 2012 (Docket No. 54); Duggan having filed her Response to the Trustee's Partial Concurrence Docket No. 55; the Court having scheduled a hearing on the Abstention Motion for July 11, 2012, at 9:30 a.m. (the "Abstention Motion Hearing"); the Debtor having filed an ex parte Motion for Adjournment, on July 10, 2012, at 3:09 p.m., requesting an adjournment of the 2004 Motion Hearing and the Abstention Motion Hearing (Docket No. 57); the 2004 Motion Hearing and the Abstention Motion Hearing having been held, and neither



the Debtor nor his attorney having appeared; the Court having considered the matters and all pleadings filed, and for the reasons given by the Court at the Hearing:

IT IS ORDERED that the Court shall grant the Motions, unless Debtor's counsel:

A. Contacts the Court by July 16, 2011, and requests oral arguments on the 2004 Motion Hearing and the Abstention Motion Hearing, at which time the Court shall schedule adjourned hearings; and,

B. Pays the sum of $1,750.00 to Duggan's attorney, Tindall Law, for fees incurred travelling to and from the Hearings, and the sum of $50.00 for transportation costs, for a total of $1,800.00 on or before July 23, 2012; and

C. Pays the sum of $612.50 to the Trustee's attorneys, Bernardi, Ronayne & Glusac, P.C., for fees incurred travelling to and from the Hearings, and the sum of $50.00 for transportation costs, for a total of $662.50 on or before July 23, 2012.

IT IS FURTHER ORDERED that if the Debtor's counsel fails to contact the Court by July 16, 2012, and/or, fails to pay the amounts ordered by July 23, 2012:

A. The MOTION FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS be and it hereby is GRANTED as follows:

1. Debtor CHRISTOPHER D. WYMAN shall appear at a place to be designated by Duggan's counsel, on such date and time as counsel designates, and shall produce the documents described in 2004 Motion Exhibit 6 and be examined pursuant to Fed. R. Bankr 2004.

2. Subpoenas for the examination of the proposed deponents listed in the 2004 Motion and for production of documents listed in 2004 Motion Exhibit 6 shall be issued by Duggan's counsel on a minimum of 10 days

2

12-32264-dof Doc 62 Filed 07/13/12 Entered 07/13/12 14:22:53 Page 2 of 4
19-03018-dof Doc 15 Filed 03/22/19 Entered 03/22/19 10:47:43 Page 14 of 18

notice and may be served on each proposed deponent by U.S. Mail at the address listed in Debtor's Petition and Schedules.

B. The MOTION FOR PERMISSIVE ABSTENTION AND ORDER CLARIFYING AUTOMATIC STAY be and it hereby is GRANTED as follows:

1. Pursuant to 28 USC 1334(c)(1), this Court abstains, in favor of the currently pending proceedings in the 53rd District Court, Howell, MI – Case No. 09-4485-GC (the "Current Litigation"), and as to any future proceedings filed by the Trustee in the appropriate Court in the State of Michigan, from proceedings regarding fraudulent transfers.

2. The pleadings in all litigation shall provide that the Trustee is the real party in interest, except as to damages, penalties, costs and attorney fees for contempt, and all recoveries, except as to damages, penalties, costs and attorney fees for contempt, shall be property of the estate pursuant to 11 U.S.C. § 541(a), to be immediately turned over to and administered by the Trustee, unless abandoned pursuant to 11 U.S.C. § 554.

3. Duggan shall be and remain a named plaintiff in the Current Litigation, and in any future litigation commenced with the Trustee regarding fraudulent transfers, so that her rights including any recoveries there from, shall be preserved should the litigation or any such recoveries be abandoned pursuant to 11 U.S.C. § 554.

4. The Trustee may abandon the estate's interest, excluding damages, penalties, costs and attorney fees for contempt, in any litigation if he determines such interest is burdensome to the estate, or, is of

3

12-32264-dof    Doc 62    Filed 07/13/12    Entered 07/13/12 14:22:53    Page 3 of 4
19-03018-dof    Doc 15    Filed 03/27/19    Entered 03/27/19 10:44:43    Page 15 of 18

inconsequential value and benefit to the estate, by filing and serving a Notice of Abandonment with this Court pursuant to 11 U.S.C. §554 (a).

5.  Pursuant to 11 USC 105(a), this Court clarifies that the automatic stay in this bankruptcy proceeding does not apply to state court civil contempt proceedings to vindicate the dignity of the state court to enforce its orders/injunctions, as to the Debtor or non-debtor third parties.

**Signed on July 13, 2012**

                                                      **/s/ Daniel S. Opperman**
                                                    **Daniel S. Opperman**
                                                    **United States Bankruptcy Judge**

4

12-32264-dof    Doc 62    Filed 07/13/12    Entered 07/13/12 14:22:53    Page 4 of 4
19-03018-dof    Doc 15    Filed 03/27/19    Entered 03/27/19 10:44:43    Page 16 of 18

# EXHIBIT NO: 3

**MET**

| | |
|---|---|
| **From:** | Sam Sweet <trusteesweet@hotmail.com> |
| **Sent:** | Thursday, March 21, 2019 12:51 PM |
| **To:** | MET |
| **Subject:** | Re: Wyman adversary case |

Mike I spoke to gentry and neither of could find a reason to go forward with the discovery in light of the motion to dismiss which has now been filed. As such, neither of us will be in attendance. Sam

Sent from my Verizon, Samsung Galaxy smartphone