UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    **CHRISTOPHER D. WYMAN**
            *Debtor(s),*

                                                    **ADV. NO:19-03018**
_____\
**SAMUEL D. SWEET, Trustee,**
        **Plaintiff,**

                                                    **CASE NO. 12-32264**
                                                    **CHAPTER 7**
**v.**

**BARBRA DUGGAN,**
        **Defendant.**

_____\

## JOINT OBJECTION/RESPONSE AND BRIEF OPPOSING TRUSTEE SWEET'S MOTION TO DISMISS, DE 8 AND JOINT MOTION TO COMPEL DISCOVERY

Now come Partial Assignee MICHAEL E. TINDALL, in pro per, and Partial Assignor BARBARA DUGGAN, by and through her attorney Elie Bejjani Esq., and for their OBJECTION and MOTION state:

1.  On March 18, 2019, this Court entered its Order, DE 216 providing that Trustee Sweet file his AMENDED COMPLAINT by March 29, 2019; that Defendants file their RESPONSE or dispositive MOTION by April 2, 2019; and, that discovery proceed until further order of this Court.

2.  Trustee Sweet timely filed his AMENDED COMPLAINT on March 18, 2019, DE 218.

3.  Defendants timely sought discovery and mandatory FRCP 26 pre-discovery disclosures. See, Exhibit 3.

4. On March 21, 2019, after service of Defendants' discovery requests, Trustee Sweet moved to dismiss this adversary proceeding, DE 8, presumably [although not stated] under Fed. R. Bank. 7041, and, informed Defendants he would not comply with Defendants' discovery. See, Exhibit 4.

5. On March 22, 2019, simultaneously herewith, Defendants filed their response to Trustee Sweet's AMENDED COMPLAINT. See, DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES AND COUNTER COMPLAINT, the terms of which are hereby incorporated herein, in their entirety, by reference. The pleadings in this matter are now closed.

6. Defendants object and do not consent to DE 8 for the reason that such a dismissal would be "**without prejudice**" rather than on the merits; and, would do nothing to resolve the issues raised regarding the Duggan secured claim and Judgment Lien.

7. Defendants seek dismissal of Trustee Sweet's OBJECTION(S)/AMENDED COMPLAINT and seek Judgment on the pleadings, on the merits, under *FRCP 12(c)* for the reasons and on the grounds set forth in Defendants' incorporated ANSWER and COUNTER COMPLAINT.

8. Furthermore, Defendants seek resolution, also on the merits, of the issues raised in their COUNTER COMPLAINT, whether by decision on motion or by trial.

9. DE 216 clearly set accelerated dates for hearings and trial in this matter, while ordering discovery. *FRCP 26, 30 and 34* clearly permit the acceleration of discovery [**unless otherwise ordered by the court**] to meet such deadlines.

10. Defendants request this Court order Trustee Sweet and his agent to timely comply fully with DE 216, their pre-discovery disclosure obligations under FRCP 26, and, with Defendants' discovery requests attached. In the event they fail to fully comply, as ordered by DE 216, Defendants request Trustee Sweet be barred from opposing Defendants' COUNTER COMPLAINT, and, Judgment be entered in favor of Defendants, as provided by FRCP 37.

Wherefore, Defendants respectfully request this Court:

A. DENY Trustee Sweet's MOTION TO DISMISS, DE 8.

B. Order Defendants' MOTION FOR JUDGMENT ON THE PLEADINGS, under FRCP 12(c), be heard May 7, 2019, as originally scheduled by DE 216;

C. Order Trustee Sweet and his agent fully and timely comply with all pre-discovery disclosure obligations, under FRCP 26; and, with Defendants' discovery requests attached;

D. Grant such further and additional relief, including barring Trustee Sweet from opposing Defendants' COUNTER COMPLAINT and entry of Judgment on the COUNTER COMPLAINT in favor of Defendants, under FRCP 37, in the event of the failure to fully and timely comply.

Respectfully Submitted,

Dated: 3/22/19

/s/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**

**BEJJANI LAW PLLC**

DATED: March 21, 2019

/s/ Elie Bejjani          *by consent*

Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

## **CERTIFICATE OF SERVICE**

This OBJECTION and MOTION TO COMPEL was served on
Plaintiff SAMUEL D. SWEET, on March 21, 2019 through the ECF filing
system.

# EXHIBIT NO: 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
            *Debtor(s),*

ADV. NO:19-03018

_____\
SAMUEL D. SWEET, Trustee,
      Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

BARBRA DUGGAN,
        Defendant.

_____\

## ORDER

This matter having come before this Court on MOTION TO

COMPEL DISCOVERY and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that the MOTION TO COMPEL

DISCOVERY be and it hereby is GRANTED.

# EXHIBIT NO:  2

Form B20A(Official Form 20A
09/97)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re:

    **CHRISTOPHER D. WYMAN**

**S. SWEET V. DUGGAN**

                    **Debtor(s)**       /

**Chapter: 7**

**Case No.: 12-32264**

**ADVERSARY NO. 19-03018**
**Judge: D. S. OPPERMAN**

## NOTICE OF MOTION

Petitioner has filed papers with the court to: MOTION TO COMPEL DISCOVERY

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion or if you want the court to consider your views on the motion, within   __14__   days, you or your attorney must:

1.                 File with the court a written response or an answer, explaining your position at:[1]

                **United States Bankruptcy Court**
                    226 WEST SECOND STREET
                        FLINT, MI  48502

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

**ELIE BEJJANI, 6 PARKLAND BLVD., STE 600, DEARBORN MI 48126**
**MICHAEL E. TINDALL 18530 MACK AVE., STE 430, DETROIT MI 48236**
**SAMUEL D. SWEET, TRUSTEE, PO BOX 757, ORTONVILLE MI 48462**

2.            **NOTE: HEARING DATE PRE-SET FOR MAY 7, 2019, DE 216**

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

Date:   __3/22/19__

                          Signature: /s/ MICHAEL E. TINDALL
                          Name: MICHAEL E. TINDALL, in pro per
                          Address: 18530 MACK AVE., STE 430
                                  DETROIT, MI 48236
                                  (248) 250-8819

---

[1]Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Revised 06/07

# EXHIBIT NO: 3

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:
**CHRISTOPHER D. WYMAN**
*Debtor(s),*

                                        **CASE NO. 12-32264**
                                        **CHAPTER 7**

_____\

# FRCP 30 NOTICE OF TAKING DEPOSITION
## *(DUCES TECUM)*

PLEASE TAKE NOTICE that, pursuant to FRCP 26, 30 and 34, and the Order of this Court dated March 18, 2019, DE 216, MICHAEL E. TINDALL, pro per; and, Elie Bejjani (P74626) on behalf of BARBARA DUGGAN, secured creditor, will take the deposition(s) upon oral examination of SAMUEL D. SWEET, and, DIANA GENTRY, President and control person of GENTRY SALES, INC.; at 6 Parklane Blvd, Suite 600 Dearborn, MI 48126, as follows:

SAMUEL D. SWEET, documents to be produced per attached, March 26, 2019 at 10:00 AM

DIANA GENTRY, documents to be produced per attached, March 26, 2019 at 2:00 PM

Testimony will be transcribed by stenographic means.

ALL DOCUMENTS listed to be produced by each witness must be produced by email transmission to met@comcast.net no later than 48 hours prior to the date of examination.

You are welcome to attend and examine the witness (es).

Respectfully Submitted,

/s/

MICHAEL E. TINDALL

Dated: 3/19/19

18530 MACK AVE., STE 430
DETROIT, MI   48236
(248)250-8819
**Direct Email: met@comcast.net**

## CERTIFICATE OF SERVICE

This request for notice of deposition was served on Plaintiff
SAMUEL D. SWEET, and, on DIANA KAYE GENTRY, control person for
GENTRY SALES, INC. on March 19, 2019 by email transmission and US
Mail, postage prepaid.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

                                   CASE NO. 12-32264
                                   CHAPTER 7

_____\

## DEFENDANTS REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF
## SAMUEL D. SWEET, TRUSTEE AND DIANA GENTRY
## CONTROL PERSON FOR GENTRY SALES, INC.

Pursuant to FRCP 34, FRCP 26(a) and FRCP 26(b)(1) Defendants, submit the following Request for Production of Documents, upon Plaintiff SAMUEL D. SWEET and DIANA GENTRY, control person for GENTRY SALES, INC., pursuant to FRCP 30 NOTICE OF DEPOSITION (DUCES TECUM) dated and submitted simultaneously herewith. The documents requested shall be served, by email transmission to met@comcast.net, upon Defendants no later than March 24, 2019.

These Request for Production of Documents are to be regarded as continuing and Plaintiff and Gentry must provide supplementary answers as required by FRCP 34, FRCP 26(b) and FRCP 26(b)(1), any additional information as may hereafter be learned or obtained by Plaintiff and any other person on Plaintiff's or Gentry's behalf which will supplement or otherwise modify any answers/documents given to these Request for Production of Documents. Defendants retain the right to file supplemental or additional Interrogatories upon Plaintiff.

In furnishing Answers/Documents and any supplemental Answers/Documents, Plaintiff and Gentry shall include all information which is relevant to the subject matter involved in the pending action and which is available to them, their employees, agents or representatives. You are cautioned to omit nothing by way of information or detail. Defendants will assume that where information is not stated, it does not exist, and where

detail is missing, it cannot be provided. Therefore, Defendants will urge the Court to rule that any information or detail not furnished in your Answers or documents provided cannot thereafter be used by you in any way in connection with this action.

**NOTE: ANY FAILURE TO PRODUCE OR OTHERWISE FULLY COMPLY WITH THESE REQUESTS WILL BE TREATED AS A VIOLATION OF THE COURT'S ORDER, DE 216, FOR ALL PURPOSES SET FORTH IN FRCP 30, 34, 37 AND 45.**

## <u>DEFINITIONS</u>

As used in these Discovery Requests, the following terms shall have the following meanings:

A.      **"Plaintiff"** refers to Samuel D. Sweet, successor to Michael Mason, Trustee of the Bankrupt Estate of Christopher Wyman and any agent, attorney, Title Company, or other person acting for or on behalf of the Trustee.

B.      **"Defendants,"** unless otherwise specified, refers to Secured Creditor Barbara Duggan and Partial Assignee Michael E. Tindall.

C.      **"Document" or "Documents"** shall mean, without limitation, any written (including handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic or electric) matter of any kind or nature, whether original or copy, and shall include, without limiting the generality of the foregoing, all letters, emails, telegrams, correspondence, contracts, confirmation agreements, notes, reports, memoranda, ledgers, mechanical and electronic sound recordings or transcripts, memoranda of telephone or personal conversations or of meetings or conferences, minutes, studies and analyses and inter-office communications, photographs, charts in your possession or subject to your control, and specifically includes any information stored or available from or in any computer or electronic or data processing equipment or system or printout from same.

D.      **"Litigation"** shall refer to all of the claims that Plaintiffs have filed against Defendants, originally in the form labeled "OBJECTION" and thereafter converted to an adversary proceeding by Order of the Court, dated March 18, 2019, DE 216, and thereafter re-filed as an Amended Complaint

dated March 18, 2019, DE 217 in the United States Bankruptcy Court, Eastern District, Case No. 12-32264.

E. **"Person" or "persons"** shall include the singular as well as in the plural, including, without limiting the generality of the foregoing, any natural person, proprietorship, firm, association, partnership, corporation, joint venture, government (and any department, agency or instrumentality thereof), or any other entity, and all affiliates, present or former agents, sureties, indemnitors, servants, employees, representatives, and all other persons in control of and/or acting in behalf of or in the interest of the person.

F. **"Communication"** shall be deemed to include any meeting, conversation, any words heard or spoken, any document delivered or sent, and any other means or event of communication.

G. **"Identify"** shall mean as follows:

1. When used in reference to a person,

(a) if a natural person, to state his or her full name, his or her last known home address, his or her last known business address, his or her last known business and his or her last known employer and position.

(b) if other than a natural person, to state its full name, type of entity (e.g., corporation, partnership, joint venture, single proprietorship), its last known address, the nature of its business, and identify the person in charge of the principal office.

2. When used in reference to a document, to state the type of document (e.g., letter, email, memorandum, telegram, chart, etc.), its date and to identify each person who prepared it, who received it, who executed it, and who presently has possession, custody, or control of it, or, if none, who last had possession, custody or control of it, and a description of its contents. In lieu of such identification, you may produce such documents for inspection and copying at the time you file Answers to these Discovery Requests; provided, however, that all documents produced shall be segregated and identified by the Discovery Requests to which they are primarily responsive.

3. When used in reference to a communication, to state the manner of the communication (e.g., personal meeting, email transmission, telephone conversation, in writing) and:

(a) If it is a personal meeting:
  (i) state the date on which the meeting occurred;
  (ii) state the place at which the meeting occurred;
  (iii) identify the person at whose insistence the meeting occurred; and
  (iv) identify the persons present at the meeting.

(b) If a telephone conversation:
  (i) state the date on which the conversation occurred;
  (ii) identify the person who initiated the conversation by telephone; and
  (iii) identify the persons who participated in the conversation.

(c) If in writing, including email transmission, identify the document and all persons to whom copies were or have been circulated, including all "blind copies."

(d) Describe in detail the substance of the communication including its subject matter, purpose and result; and

(e) Identify all documents that contain information about, refer or relate to the communication (other than the writing referred to in subparagraph (c).

4. When **"identify"** is used in reference to anything other than "document", "person" or "communication" or when the following Interrogatories ask you to "describe", "state", "explain", "define", or to do something of similar implication, **state every fact which concerns or is connected with any such thing.** Specifically, explain fully any reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law; where applicable, particularize as to time, place, and manner; and set forth all facts necessary to the complete understanding of the act, process, event or thing in question.

When requested to state the factual basis of any allegation, identify each occurrence, incident, event or fact upon which you rely to support such allegation, including:

1. The date;
2. The place;
3. The substance of each occurrence, incident, event and fact;

4.     Identification of each person who participated in the occurrence, incident, event and fact;

5.     Identification of each person present;

6.     The source of your knowledge.

If any of these Interrogatories cannot be answered in full, you are to answer to the extent possible, using an estimate if exact figures or detailed records are not available and specifying that an estimate rather than exact figures or statements have been used.

If you claim that any documents are lost or destroyed, identify and describe each document by date, author and recipient, and provide a brief summary of its contents.

I.     **"Concerns" or "in connection with"** or a similar term or implication shall be deemed to include: refers to, alludes to, responds to, relates to, is in respect of, is about, regards, discusses, shows, describes, reflects, analyzes or constitutes, regardless of whether such matter tends to substantiate or refute that matter or tends to make the existence of any fact of consequence to the determination of this cause more probable or less probable than it would be without the existence of such document, communication or person, etc.

J.     **If you assert a privilege (e.g., attorney-client) or otherwise refuse to answer part of any of the following Discovery Requests, you are to answer the remainder of such Discovery Requests, and, in the case of assertion of a privilege, to identify each document, person or communication upon which you base your assertion of privilege or other objection, and to identify each document, person, communication or fact which might tend to refute the existence or validity of such privilege or other objection, or which might tend to substantiate the waiver or non-existence of the privilege or other objection (e.g., identity of each person who has had access to some or all of the matters that would be responsive to the unanswered portion of the discovery requests).**

If you claim that any documents are privileged, you must:

1.     **Identify each document by date, author and recipient;**

2.     **Identify each person (other than stenographer or clerical assistants) participating in the preparation of the document;**

3. Identify each person to whom the contents of the document have been communicated by copy, exhibition, reading, or summarization;

4. Provide a brief summary of its contents;

5. State the privilege or privileges asserted; and

6. Describe the factual basis of the claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

**Request for Production of Document No. 1:** Please produce all written appraisals on real property commonly known as 1001 Jones Road, Howell, Michigan 48855.

**Request for Production of Document No. 2:** Please produce all market analysis' prepared at any time for the real property commonly known as 1101 Jones Road, Howell, Michigan 48855

**Request for Production of Document No. 3:** Please produce all exhibits, documents, and/or things Plaintiff intends to utilize or rely upon at trial in this matter, whether or not admissible in evidence, for the purpose of establishing all claims and contentions set forth in Plaintiff's Amended Complaint; for the purpose of rebutting all claims or contentions put forth by either or both Defendants; or, for any other purpose.

**Request for Production of Document No. 4:** Identify, as set forth above, each person who Plaintiff intends to call as a witness at trial in this matter, as expert or non-expert, whether for the purpose of establishing all claims and contentions set forth in Plaintiff's Amended Complaint; for the purpose of rebutting all claims or contentions put forth by either or both Defendants; to impeach credibility of any witness or exhibit; or for any other purpose.

**Request for Production of Document No. 5:** Identify, as set forth above, each person who Plaintiff intends to rely upon for any information whatsoever, as expert or non-expert, for the purpose of establishing all claims and contentions set forth in Plaintiff's Amended Complaint; for the purpose of rebutting all claims or contentions put forth by either or both Defendants; to impeach credibility of any witness or exhibit; or for any other purpose, whether or not that person will be called to testify at trial.

**Request for Production of Document No. 6:** Identify and produce all communications and documents, as defined above, whether in the possession of Plaintiff or any other person, related to 1011 Jones Rd, Howell MI and/or any sale or transfer or financing thereof to or by any person, including but not limited to GENTRY SALES, INC., DIANA GENTRY, any title company, broker, agent, attorney or source of funds.

**Request for Production of Document No. 7:** All documents and things, to the extent not included in Requests 1-6 above, described in FRCP 26(a)(1)(A)(i) and (ii); FRCP 26(a)(2)(A), (B) and (C); FRCP 26(a)(3)(A) (i) through (iii); and FRCP 26(b)(1).

**Request for Production of Document No. 8:** State the factual basis, including the identification of any documents or things upon which you rely for support, for the allegations contained in paragraphs 4, 5, 10 and 11 of the OBJECTION/AMENDED COMPLAINT filed March 18, 2019 as DE 217.

Respectfully Submitted,

Dated: 3/19/19

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

## CERTIFICATE OF SERVICE

This request for production of documents was served on Plaintiff SAMUEL D. SWEET, and, on DIANA KAYE GENTRY, control person for GENTRY SALES, INC. on March 19, 2019 by email transmission and US Mail, postage prepaid.

# EXHIBIT NO: 4

| | |
|---|---|
| **From:** | Sam Sweet <trusteesweet@hotmail.com> |
| **Sent:** | Thursday, March 21, 2019 12:51 PM |
| **To:** | MET |
| **Subject:** | Re: Wyman adversary case |

Mike I spoke to gentry and neither of could find a reason to go forward with the discovery in light of the motion to dismiss which has now been filed. As such, neither of us will be in attendance. Sam

Sent from my Verizon, Samsung Galaxy smartphone