UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN
*Debtor(s),*

CASE NO. 12-32264
CHAPTER 7
ADV. NO:19-03018

\

SAMUEL D. SWEET, Trustee,
Plaintiff,

v.

BARBRA DUGGAN,
Defendant.

\

## JOINT RESPONSE TO ORDER
## REGARDING JURY DEMAND, DE 23

Now come Partial Assignee MICHAEL E. TINDALL, in pro per, and Partial Assignor BARBARA DUGGAN, by and through her attorney Elie Bejjani Esq., "hereinafter Claimants", and for their JOINT RESPONSE to this Court's Order, DE 220, state:

1. *28 U.S.C. § 959(b)* states:

   "(b) Except as provided in section 1166 of title 11, a **trustee, receiver or manager appointed in any cause pending in any court of the United States,** including a debtor in possession, **shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.**"

2. *MCL 600.2919(2)(a),* states, in relevant part, as follows:

   "Any guardian, … who commits or suffers any waste, during his term or estate, *to the* lands, tenements or hereditaments, without having a lawful license to do so, is liable for double the amount of actual damages…"

3. *MCL 600.2919(a)*, states in relevant part, as follows:

"(1) A person damaged **as a result of either or both of the following** may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

> (a) **Another person's stealing or embezzling property or converting property to the other person's own use…**

(2) The remedy provided by this section **is in addition to any other right or remedy the person may have at law or otherwise."**

4. Waste is generally considered a tort defined as the destruction, alteration, misuse, or neglect of property by one in rightful possession to the detriment of another's interest in the same property.[1] An action for waste may be maintained for damage to a building that exceeds normal wear and tear.[2] A liquidating trustee, under Chapter 7, is subject to *28 USC 959(b)* and can be liable for waste in violation of state law.[3] This applies whether the Bankrupt Estate has previously sold the property or retains it.[4]

---

[1] *8 Powell, Real Property, § 56.01, p 56-3.*

[2] *Anstays v Anderson, 194 Mich 1, 4-5, 7-8; 160 NW 475 (1916). 8 Powell, Real Property, § 56.05[2], p 56-21.*

[3] *In re Wall Tube & Metal Products, 831 F.2d 118 (6th Cir. 1987)(***We believe that whether a trustee is liquidating, managing or reorganizing the debtor's estate, his efforts under the Code remain the same — the consolidation and distribution of the estate's assets to the benefit of the creditors. As such, that the trustee in this case is liquidating the estate rather than reorganizing it is inconsequential, especially in the critical context of the public's welfare. In either case, an environmental hazard on the estate's property is within the control of the trustee.)**

[4] *In re Brown, 851 F. 3d 619 (6th Cir 2017)*

5. Conversion, both common law and statutory, is also a state law tort claim.[5]

6. State law tort claims/counterclaims are non-core damage claims, under "related to" jurisdiction of the Bankruptcy Court, that require any Judgment be entered by the District Court,[6] and, entitle the party asserting them to a jury trial.[7] This is true despite the fact that Duggan filed a proof of secured claim because, as a secured creditor, she was not required to file a proof of claim to recover payment of her Judgment Lien.[8]

7. Claimants are therefore entitled to a jury trial, as to the claims of waste and conversion contained in COUNT II of their COUNTER COMPLAINT, against Trustee Sweet and his bonding company and do not consent to a decision on Count II by the Bankruptcy Court.

Respectfully Submitted,

/S/

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 4/2/19

_____

[5] *Kyser v Twp*, 486 Mich 514, 539; 786 NW2d 543 (2010) (**"Where legislation is comprehensive, providing in detail a course of conduct to pursue and the parties and things affected, and designates specific limitations and exceptions, then there is a legislative intention that a statute preempt common law."**)

[6] *Waldman v. Stone*, 698 F.3d 910, 921-22 (6th Cir 2012)(citing *Stern v. Marshall*, 131 S.Ct. 2594 (2011) at 2618.

[7] *Granfinanciera S.A. v. Nordberg*, 492 US 33, 36-50 (1989); *In re Global Technovations Inc.*, 694 F.3d 705, 721-22 (6th Cir 2012).

[8] *Waldman, supra*, at 920, citing *In re Nowak*, 586 F.3d 450, 455 (6th Cir 2009).

**BEJJANI LAW PLLC**

DATED: April 2, 2019

/s/ Elie Bejjani
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com