UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

CASE NO. 12-32264

CHAPTER 7
ADV. NO:19-03018

_____ \

SAMUEL D. SWEET, Trustee,
        Plaintiff,
v.

BARBRA DUGGAN,
        Defendant.

_____ \

## JOINT RESPONSE TO TRUSTEE SWEET'S MOTION FOR SUMMARY JUDGMENT OF COUNTERCLAIMS PURSUANT TO BANKRUPTCY RULE 7056, DE 49 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

On May 23, 2019, Trustee Sweet filed DE 49. While the motion is entitled one for "Summary Judgment", under Rule 7056, it seeks relief for "failure to state a claim upon which relief can be granted", a Rule 12(b)(6) standard not available under Rule 7056. As more fully set forth below, DE 49 complies with neither court rule, and, for that reason is largely unintelligible. So much so that it is impossible to discern the "factual basis" [or lack thereof] for the motion, under Rule 56; and, nearly impossible to discern the legal basis for the motion or the relief requested.

### A. FAILURE TO STATE A CLAIM, RULE 12:

"Failure to state a claim upon which relief can be granted" is the standard for relief under FRCP 12(b)(6), made applicable to bankruptcy by Fed R. Bank Pro. 7012 in adversary proceedings. However, FRCP 12(b) clearly states: "A motion asserting any of these defenses [(b)(1) through (7)] **must** be made **before pleading** if a responsive pleading is allowed". Sweet filed his Answer to the Counter Complaint, DE 30, on April

9, 2019. Therefore, the subject motion is not a valid 12(b)(6) motion, and, the legal basis for it cannot be "failure to state a claim upon which relief can be granted".

## B. SUMMARY JUDGMENT, RULE 7056

Motions for summary judgment are governed by Fed.R.Civ.P. 56, made applicable to adversary proceedings through Fed.R.Bankr.P. 7056. Summary judgment is appropriate where the movant shows: (a) that there is no genuine dispute as to any material fact; and, (b) the movant is entitled to judgment as a matter of law. **Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.**[1] The movant meets this **burden** by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the **burden** of proof at trial.[2] The facts and all reasonable inferences drawn therefrom **must** be viewed in the light most favorable to the non-moving party.[3]

FRCP 56 provides:

"(a) A party may move for summary judgment, **identifying each claim** ... or the part of each claim ... on which summary judgment is sought.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(c) Procedures.

    (1) Supporting Factual Positions. A party **asserting that a fact cannot be** ... genuinely **disputed must support the assertion by:**

        (A) **citing to particular parts of materials in the record** ... **affidavits or declarations**... or

        (B) **showing that the materials cited do not establish the ... presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact**.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Only if the moving party meets this initial **burden**, does the **burden** then shift to the non-moving party to present specific facts showing that there is a genuine issue for trial.[4] Sweet's motion does not: (a) identify the claim or part of the claim on which

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[2] *Id.* at 325.
[3] *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).
[4] See *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Fed. R. Civ. P. 56(e)(2).

summary judgment is sought; (b) present an argument that no genuine dispute of material fact exists; (c) identify those specific facts, by required "STATEMENT OF UNDISPUTED FACTS" or, (d) cite any legal authority suggesting Sweet is "**entitled to judgment as a matter of law**" on the Counter Complaint. Sweet's motion is not a valid Summary Judgment motion, under FRCP 56 and Rule 7056, requiring a substantive response [on the merits] by Counter Plaintiff.

NEVERTHELESS, to assist this Court in clarifying and eliminating issues for the eventual jury trial before the District Court in this matter, Counter Plaintiffs state the following.

## I. STANDING:

On May 29, 2019, six (6) days after filing this motion, Sweet closed the sale of 1011 Jones Rd. and paid allowed secured claim No. 1 in full, with interest to the date of payment. As a consequence, Counter Plaintiffs' respective secured claims, as reflected by Claim No. 1, have been satisfied, and, their Counter Claims – as secured creditors under Claim No. 1- COUNT I-DECLARATORY JUDGMENT; AND, COUNT III ABANDONMENT are now moot, as the relief sought has now been obtained.

Counter Plaintiffs retain standing in their capacities as unsecured creditor [Duggan] and secured administrative claimant [Tindall] to continue with COUNT III-BREACH OF FIDUCIARY DUTY AND WASTE.

### A. DUGGAN-UNSECURED CREDITOR CONSEQUENTIAL DAMAGES, ATTORNEY FEES AND SANCTIONS.

Michigan adheres to the general rule that awards of costs or attorney fees are not allowed unless expressly authorized by an applicable statute, the court rules, or a recognized exception.[5] One of the exceptions to this general rule exists when the party

---

[5] *Hester v Comm'rs of Parks and Boulevards of Detroit*, 84 Mich 450; 47 NW 1097 (1891), *State Farm Mutual Automobile Ins Co v Allen*, 50 Mich App 71, 74; 212 NW2d 821 (1973), *Birou v Thompson-Brown Co*, 67 Mich App 502, 515; 241 NW2d 265 (1976), *Center Line v 37th Dist Court Judge*, 74 Mich App 97, 103; 253 NW2d 669 (1977), modified 403 Mich 595; 271 NW2d 526 (1978), *Salvador v Connor*, 87 Mich App 664, 678-680; 276 NW2d 458 (1978) (M.J. KELLY, J., dissenting).

3

seeking to recover attorney fees, as damages, has been forced to expend money to litigate because of the wrongful acts of another.[6]

> **"For the expense incurred in the *present* litigation, we have found that our law generally gives the successful party no recompense beyond the taxable costs which ordinarily include only a portion of his expense. This is the case, however wrongful the suit or groundless the defense. On the other hand,** *where the present defendant has by his wrongful conduct, be it tort or breach of contract, caused the present plaintiff to defend or prosecute previous legal proceedings, the law reverses its restrictive attitude* **and allows the plaintiff to recover all the expense, including counsel fees, reasonably incurred by him in the prior litigation."** (Emphasis added.)

BARBARA DUGGAN incurred costs and attorney fees litigating her fraud claims, in 53rd District Court in Howell MI, and, in various separate and distinct adversary proceedings in this Court [other than the instant case] against WYMAN, PICHLER and GENTRY, and her controlled entities. These have not been paid by the May 29, 2019 distribution. Furthermore, to the extent that Sweet's breach of fiduciary duty and waste (a) reduced the value of the real property sold, and/or, (b) resulted in the transfer of valuable construction equipment for less than adequate consideration, or, (c) otherwise reduced the amount of assets available to pay unsecured claims, she retains standing to seek recovery from Sweet and his bond, as consequential damages.

### B. SECURED ADMINISTRATIVE CLAIM.

TINDALL is an administrative claimant against the bankrupt estate for attorney fees and costs incurred by the estate for legal representation. At least $38,410.00 of that amount is secured and takes priority over any other administrative claimant, including

---

[6] *Warren v. McLouth Steel Corp.*, 111 Mich App 496 (1981); 314 NW 2d 666 (1981); *Bonner v. Chicago Title Ins. Co.*, 194 Mich App 462; 487 NW2d 807 (1992); *Fleischer v Buccilli*, 13 Mich App 135, 139; 163 NW2d 637, 639 (1968), *Cagney v Wattles*, 121 Mich 469, 473, 475; 80 NW 245 (1899), *State Farm v Allen*, supra 78-79, *Birou v Thompson-Brown*, supra. McCormick, Damages, § 55, p 246.

Sweet and his general counsel. To the extent that Sweet's breach of fiduciary duty and waste (a) reduced the value of the real property sold, and/or, (b) resulted in the transfer of valuable construction equipment for less than adequate consideration, or, (c) otherwise reduced the amount of assets available to pay unsecured claims, he retains standing to seek recovery from Sweet and his bond.

## II. BREACH OF FIDUCIARY DUTY:

Although incompetent and largely incoherent, Trustee Sweet appears to present three (3) legal arguments, largely unsupported by ANY case law, to suggest that he cannot be held liable for breach of fiduciary duty or waste with regard to the real property 1011 Jones Rd. He says nothing regarding his failure to obtain full or even reasonable value for the construction equipment. These arguments appear to be:

1. Prior Settlement/Release

2. The real property [and –presumably- the construction equipment] were not property of the bankrupt estate

3. Quasi-Judicial Immunity, arising from this Court's approval of his various settlements, and, the sale of the Jones Rd. property.

As usual, Trustee Sweet is wrong, on all arguments.

1. <u>Prior Settlement/Release.</u>

Settlement agreements are a type of contract.[7] The formation and enforceability of a purported **settlement agreement** are governed by state contract law.[8] The parties agree

---

[7] *Williams v. Vukovich*, 720 F.2d 909, 920 (6th Cir. 1983); *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 283 (6th Cir. 1986). ("**Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined.**"); *Clinton Street Greater Bethlehem Church v. City of Detroit*, 484 F.2d 185, 189 (6th Cir.1973). *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)(**the court**

that Michigan law applies. In order to form a valid contract, there must be a meeting of the minds on all the material facts. A meeting of the minds is judged by an objective standard, looking to the express words of the parties and their visible acts, not their subjective states of mind.[9]

The terms of the SETTLEMENT AGREEMENT attached to Sweet's motion clearly recites that Plaintiffs [Mason and Duggan] and Defendant [Linck] agreed to settle all claims "asserted in this litigation" and "mutually release any and all claims ... against each other ... on the terms and subject to the conditions contained in the email communication attached hereto as Exhibit 1." The attached Exhibit 1, dated June 19, 2014, at No. 4, reflects Duggan and the Trustee releasing all claims against Linck, and, Linck releasing all claims against Duggan and the trustee. This is confirmed by diagraming the consideration passing between the parties. Duggan received a payment from Linck. Trustee received a deed and conveyance of equipment from Linck. Linck received dismissal of the claims against him. No consideration passed between Duggan and the Trustee.

This conclusion is further supported by the email correspondence from Linck's counsel to Plaintiff's counsel and to the Court. See, Exhibit A, 1, 2 and 2A. On June 18, 2014, Linck's counsel makes his final offer, including – at No. 4 – a demand for a release of all claims held by Duggan and Trustee against Linck only. On June 20, 2014, Linck's counsel informs this Court that Linck has agreed to settle ONLY the claims made by Duggan and Trustee against Linck. On June 21, 2014, counsel for Mr. Linck informs this Court that the agreement has been made which "settles all of the claims made against Mr. Linck". In this case, an objective evaluation of BOTH the terms of the SETTLEMENT AGREEMENT and Link's counsel's various email exchanges, with Plaintiffs' counsel and the Court, indicate that after a full course of negotiations, the parties reached an agreement on June 20, 2014 including a release limited to Mr. Linck only. No release was made or contemplated between Duggan and the Trustee.

---

**must enforce the terms of the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement.).**
[8] *Cuyahoga Valley Ry.*, 2013 WL 611369, at *3 (quoting *Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011).
[9] *Kamalnath v. Mercy Mem'l Hosp. Corp.*, 487 N.W.2d 499, 503 (Mich. Ct. App. 1992).

No doubt, Trustee Sweet will argue differently – claiming the SETTLEMENT AGREEMENT should be interpreted [and that the parties intended] that Duggan and Trustee release each other also. As set forth more fully below, under Immunity, intent is an issue of fact to be determined by the jury. It is not a basis for Summary Judgment.

2. Property of the bankrupt estate:

Sweet conveniently forgets to mention that the Debtor, Wyman, was and remained in exclusive possession of 1011 Jones Rd. from the date of the Petition to and through the current date; supposedly with the consent/agreement of Pichler. The same was true of Linck's construction equipment, as listed in Wyman's schedules; Wyman held a "bailment" for the equipment.[10] He had the right to possession and use of both.

The holding in *U.S. v. Whiting Pools 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983)*[11] is an application of the principle of Section 541(a) that **the trustee steps into shoes of the debtor.**[12] **A bankruptcy estate is comprised of "all legal or**

---

[10] *In re Walkington, 62 BR 989 (Bankr. WD Mi1986)*(under Michigan law **a bailment must be presumed until proven otherwise.** [citing *Ledyard v. Hibbard, 48 Mich. 421, 12 N.W. 637 (1882).]* Bailment requires the **delivery of personal property in trust to a bailee, a full delivery which excludes the possession of the owner, as both possession and control pass from the bailor to the bailee)**; *Godfrey v City of Flint, 284 Mich 291, 297-298; 279 NW 516 (1938)* **(a bailee owes the bailor a duty to preserve the property with the ordinary care that a prudent person would apply to his or her own property);** *In re George L Nadell & Co, Inc, 294 Mich 150, 154; 292 NW 684 (1940); Orton v. Markward & Karafilis, Inc., 83 Mich.App. 548, 269 NW 2d 219 (1978)*(A **bailment requires the delivery of personal property in trust. In order to constitute a sufficient delivery of the subject of the bailment, there must be a full transfer to the bailee so as to exclude the possession of the owner and all other persons and to give to the bailee the sole custody and control thereof.** 8 Am Jur 2d, Bailments, § 56, p 961. As a general rule, the creation of a **bailment** requires the possession and control over the subject matter pass from the bailor to the bailee. 8 Am Jur 2d, Bailments, § 54, p 960.); *Goldman v. Phantom Freight, Inc., 162 Mich.App. 472, 479-80, 413 N.W.2d 433, 436 (1987)*.

[11] "Congress intended the **bankruptcy** estate to be comprised of "any property made available to [it] by other provisions of the **Bankruptcy** Code," *including "property in which the debtor did not have a possessory interest at the time the bankruptcy proceedings commenced"*. At P 205.

[12] *In re Webb, 470 BR 439(BAP 6th Cir 2012)(* Section 541(a) of the **Bankruptcy** Code defines "property of the estate" as "**all legal or equitable interests of the debtor in property as of the commencement of the case**. This definition is unquestionably broad, its main purpose being to bring anything of value that the debtors have into the

equitable interests of the debtor in property as of the commencement of the case [13], *including possessory interests.* [14] Section 542(a) creates an **affirmative duty on** any entity in possession of property of the estate to deliver it to the trustee. [15] As the Eighth Circuit succinctly stated:

> "The principle is simply this: that **a person holding property of a debtor who files bankruptcy proceedings becomes obligated,** upon discovering the existence of the **bankruptcy** proceedings, **to return that property** to the debtor (in chapter 11 or 13 proceedings) **or his trustee** (in chapter 7 proceedings). Otherwise, if persons who could make no substantial adverse claim to a debtor's property in their possession could, without cost to themselves, compel the debtor or his trustee to bring suit as a prerequisite to returning the property, the powers of the **bankruptcy** court and its officers to collect the estate for the benefit of creditors would be vastly reduced. The general creditors, for whose benefit the return of property is sought, would have needlessly to bear the cost of its return. And those who unjustly retain possession of such property might do so with impunity."

---

[**bankruptcy**] estate.") *Lyon v. Eiseman (In re Forbes), 372 B.R. 321 (6th Cir. BAP 2007).*
[13] *11 U.S.C. § 541(a)(1).*
[14] *In re Shelbyville Road Shoppes, LLC, 775 F. 3d 789, 794 (6th Cir 2015)* (**Section 542(a) is an enabling provision, allowing the trustee to obtain possession of property where the debtor otherwise had a right to possess the property.**); *In re Bailey, 380 B.R. 486 (6th Cir. BAP 2008)*(The Sixth Circuit **Bankruptcy** Appellate Panel follows the line of cases **permitting a Chapter 7 trustee to use §542(a) to seek recovery of property that was property of the estate at the time of filing**.); *Beaman v. Vandeventer Black, LLP ( In re Shearin ), 224 F.3d 353, 356 (4th Cir. 2000)*(**control of property** of the estate immediately after the bankruptcy case itself was filed **was sufficient for trustee's motion to compel turnover**); *In re Coomer, 375 BR 800,803, 806 (BC ND Ohio 2007)*(the scope of estate property is the debtor's "interest" in the property... a party holding valuable non-exempt property of the debtor's **bankruptcy** estate **must surrender the property to the trustee.**); *In re Sommer, 28 B.R. 95, 96 (Bankr.D.Colo.1983)*(The trustee may obtain possession of property where **the debtor otherwise had a right to possess the property**.). *In re Lauria, 243 B.R. 705, 709 (Bankr.N.D.Ill.2000)* ("if the debtor does not have **the right to possess or use the property at the commencement of a case,** a turnover action cannot be used to acquire such rights.").
[15] *In re Knaus, 889 F.2d 773, (8th Cir. 1989); Collier on **Bankruptcy** ¶ 542.02, p. 542-6 (16th ed. 2010) (footnotes omitted)*(By its express terms, **section 542(a) is self-executing,** and does not require that the trustee take any action or commence a proceeding or obtain a court order to compel the turnover." *In re Pyatt, 486 F.3d 423, 427 (8th Cir.2007)* ("**By referring to § 363 ... the drafters of § 542(a) made it clear that the turnover obligation applies to property of the estate.**").

Section 363(f)(4) permits a trustee to sell such property free and clear of interests in bona fide dispute.[16] Additionally, "Property of the debtor", under § 550, is **"that property that *would have been part of the estate had it not been transferred* before the commencement of the bankruptcy proceedings."**[17] Sweet's argument fails, as a matter of law. BOTH the real property and the equipment were assets of the bankrupt estate. Sweet had a fiduciary duty, under Section 704(1) and (2) of the Code, to preserve the property for the benefit of the bankrupt estate and the creditors. He intentionally failed to do so.

### 3. Quasi-Judicial Immunity.

Trustee Sweet's own cited case authority, *In re MCKENZIE*,[18] clearly puts the lie to Sweet's argument that immunity bars his liability on this Counter Claim. First, as clearly set forth at P 413, the Sixth Circuit recites the generally accepted rule that quasi-judicial immunity does NOT extend to claims against a trustee by beneficiaries of the estate for breach of fiduciary duty. The Court then immediately recites the prevailing Sixth Circuit rule that a bankruptcy trustee is personally liable for willful and deliberate acts in violation of his fiduciary duties.[19] Willful and deliberate is an issue of "state of mind" and "intent", is for the jury to determine, and, is NOT subject to summary judgment.[20]

---

[16] *In re Sommer, 28 B.R. 95, 96 (Bankr.D.Colo.1983)*(**The trustee may obtain possession of property where <u>the debtor otherwise had a right to possess the property</u>.**); *In re Coomer, 375 BR 800,803, 806 (BC ND Ohio 2007)*(**the scope of estate property is the debtor's "interest" in the property... a party holding valuable non-exempt property of the debtor's bankruptcy estate <u>must surrender the property to the trustee</u>.**).

[17] *Begier v. I.R.S., 496 U.S. 53, 58, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990).*

[18] *716 F.3D 404 (2013).*

[19] *Ford Motor Credit Co. v. Weaver, 680 F.2d 451,462 (6th Cir 1982)*

[20] *Pittman v. Experian Information Solutions, Inc. 901 F. 3d 619 (6th Cir 2018)*(... **present intent** to authenticate a writing ... is an issue of fact...); *Pullman-Standard v. Swint, 456 US 273 (1982)*(**Treating issues of intent as factual matters for the trier of fact**); *Dayton Board of Education v. Brinkman, 443 U. S. 526, 534 (1979)*(**whether the defendants had intentionally maintained a racially segregated school system was essentially factual**); *Commissioner v. Duberstein, 363 U. S. 278, 286 (1960)*(**intent or motive of the donor — "one that inquires what the basic reason for his conduct was in fact" were questions of fact**); *United States v. Yellow Cab Co., 338 U. S. 338, 341 (1949)*(**"[f]indings as to the design, motive and intent with which men act" are peculiarly factual issues for the trier of fact**).

### III. CONCLUSION:

Trustee Sweet's motion is NOT a valid motion to dismiss, under FRCP 12; nor is it a valid summary judgment motion, under FRCP 56. It is NOT properly before this Court, and, it is wholly frivolous because – even if it were procedurally proper – the factual issues of state of mind and intent can only be determined by the jury. The motion must be denied, and sanctions awarded under 28 USC 1927.

Respectfully Submitted,

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

Dated: 6/5/19

**BEJJANI LAW PLLC**

/s/ Elie Bejjani
Elie Bejjani (P74626)
Attorney for Secured Creditor
6 Parklane Blvd, Suite 600
Dearborn, MI 48126
(313) 757-0036
elie@bejjanilaw.com

DATED: June 5, 2019

# EXHIBIT NO: A

**From:** Michael Olson [mailto:molson@mtolaw.com]
**Sent:** Wednesday, June 18, 2014 2:17 PM
**To:** MET
**Cc:** Mary Figurski
**Subject:** Mason et al v Linck et al

Mike:

My client has authorized me to make one final attempt at settlement. Here is his offer:

1. Mr. Linck will relinquish his claimed interest in the Jones Road property by assigning his mortgage interest to the Trustee;
2. Mr. Linck will relinquish any interest in any personal property that is identified to be in the possession of Mr. Wyman by assigning any interest Mr. Linck may have to the trustee;*
3. Mr. Linck will pay Ms. Duggan a one-time payment of $5,000 immediately upon entry of a dismissal;
4. Mr. Mason and Ms. Duggan will sign a settlement agreement releasing all claims, know or unknown, currently made or potential, against Mr. Linck; and
5. All parties, through counsel, will execute a Dismissal With Prejudice and Without Costs with regard to the claims against Mr. Linck.

I need a response no later than 5:00 p.m. today since the offer in made in order to save the attorney fees required to prepare for trial.

Mike

*BTW, I would need a specific list of the personal property that the Trustee is claiming an interest in so that we can make sure that Mr. Linck is not surrendering his own personal property.

*Michael J. Olson*
*Matecun, Thomas & Olson, PLC*
<image002.jpg>
Lawyers Serving You, Your Family and Your Business.
Visit us at: www.MTOlaw.com

**Livingston County Office:**
915 N. Michigan Ave., Suite 6
Howell, Michigan 48843
Ph. (517) 548-7400
Cell. (517) 449-7762
Fax. (517) 548-7410
molson@mtolaw.com

**Macomb County Office:**
43570 Garfield, Suite 101
Clinton Township, Michigan 48038
Ph. (586) 948-9318
Fax. (586) 948-9314

**MET**

| | |
|---|---|
| From: | MET <met@comcast.net> |
| Sent: | Friday, June 20, 2014 4:03 PM |
| To: | RODG@BRGPC.COM (RODG@BRGPC.COM) |
| Subject: | FW: Mason et al v. Linck et al |

From: Michael Olson [mailto:molson@mtolaw.com]
Sent: Thursday, June 19, 2014 2:08 PM
To: jill_mcfarlane@mieb.uscourts.gov; pamela_skillman@mieb.uscourts.gov
Cc: MET; David; Mary Figurski
Subject: Mason et al v. Linck et al

Ms. McFarlane and Ms. Skillman:

I am happy to report that Mr. Linck has agreed to settle the claims made against him by both the Trustee, Mr. Mason and Barbara Duggan subject only to the execution of agreeable documentation. This settlement is global with respect to Mr. Linck but does not resolve the claims against Ms. Pichler. Mr. Tindall and I are currently working on the settlement documents. Mr. Linck, therefore, will not participate in the trial scheduled to start Monday, June 23, 2014. If necessary, I will appear on his behalf to articulate the settlement on the record unless Mr. Tindall and I are able to prepare and execute the appropriate documents before then, in which case Mr. Tindall will bring the necessary signed Dismissal for entry by the Court. Please let me know if you or the Judge has any questions.

Michael J. Olson

*Michael J. Olson*
*Matecun, Thomas & Olson, PLC*



Lawyers Serving You, Your Family and Your Business.

Visit us at: www.MTOlaw.com

Livingston County Office:
915 N. Michigan Ave., Suite 6
Howell, Michigan 48843
Ph. (517) 548-7400
Cell. (517) 449-7762
Fax. (517) 548-7410
molson@mtolaw.com

**MET**

**From:** Michael Olson <molson@mtolaw.com>
**Sent:** Saturday, June 21, 2014 12:09 PM
**To:** MET; David; jill_mcfarlane@mieb.uscourts.gov
**Cc:** Mary Figurski
**Subject:** Mason et al v Pichler et al

Gentlemen and Ms. McFarlane:

As you know by now, Mr. Tindall and I have come to an agreement which settles <u>all of the claims made against Mr. Linck.</u> I will be appearing in Court on Monday to place that settlement on the record. I will, however, not be that right at 9:30 a.m. Something has come up in Livingston County which requires my appearance at 8:30. It should be quick but it may cause me to be a little late getting to Flint. Thanks for your understanding.

Mike.

*Michael J. Olson*
*Matecun, Thomas & Olson, PLC*



Lawyers Serving You, Your Family and Your Business.

Visit us at: www.MTOlaw.com

**Livingston County Office:**
915 N. Michigan Ave., Suite 6
Howell, Michigan 48843
Ph. (517) 548-7400
Cell. (517) 449-7762
Fax. (517) 548-7410
molson@mtolaw.com

**Macomb County Office:**
43570 Garfield, Suite 101
Clinton Township, Michigan 48038
Ph. (586) 948-9318
Fax. (586) 948-9314

