# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

       DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,

       Plaintiff,

v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,

       Defendant.

_____/

Adv. No. 19-03018

## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND BRIEF PURSUANT TO FRCP 56(b) RELATED TO COUNTER- CLAIMS OF DEFENDANT

**NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

Facts

The facts of this case are not disputed and a matter of record. The Bankruptcy case of Christopher D. Wyman, Debtor, began with a voluntary Chapter 7 petition on May 24, 2012. See Docket Entry (DE) 1 – 12-32264. Michael Mason (Mason) was appointed the duly qualified and acting Chapter 7 Bankruptcy Trustee just after the filing. DE 8 - 12-32264. Prior to the bankruptcy filing Michael Tindall (Tindall), on behalf of Barbra Duggan (Duggan) obtained a judgment against the Debtor. Subsequent to the entry of said judgment, a Notice of judgment Lien was filed against the real property located at 1011 Jones Rd, Howell, MI.

Just after the filing of this bankruptcy, Tindall was employed by the Trustee as special council. DE 63 - 12-32264. Tindall began an action to avoid a fraudulent transfer from the Debtor to Michelle Pichler (Pichler). DE 1 - 12- 03348. The Adversary Proceeding was brought in the name of Mason and Duggan as Plantiffs. This matter pended for many years and took many twists

and turns. During the pendency of this Case Mason retired and Samuel Sweet was appointed the Chapter 7 Trustee in this matter. DE 150 - 12-32264. Another twist in this Case that should be highlighted and provides this Court with a flavor for this matter, is the time that Tindall was deemed to have committed Fraud on the Court related to a discovery issue. DE 422 - 12-03348. During the pendency of this matter Tindall was disbarred for Fraud and filing frivolous Claims, unrelated to this matter.

After the disbarment of Tindall, Samuel Sweet began representing the Estate in this and at least 3 other Adversary Proceedings. With respect to Adversary Proceeding No. 12-3348 against Pichler, the matter was resolved by receiving a deed from Pichler on February 23, 2018. At that point, the property at 1011 Jones Rd, Howell MI became property of the estate.

Trustee then began working on the other Adversary Proceedings in an attempt to resolve same. In June of 2018, an agreement was reached with Diana Gentry and the Debtor to resolve all pending matters. The real property on Jones Rd was sold to Gentry for $65,000.00 and the remaining Adversary Proceedings were dismissed. DE 212 - 12-32264. To effectuate the agreement to sell, the Trustee filed a Motion to Sell and served the Notice upon all creditors including Barbara Duggan and Michael Tindall. DE 176. Subsequently and after Tindall filed a Notice of Claim of Interest at the Register of Deeds related to the Jones Road property, the Trustee filed an amended motion to transfer said interest to the proceeds of sale under Section 363(f) of the Bankruptcy Code. DE 182. Both Barbara Duggan and Michael Tindall filed objections to said Motion, giving both parties a second bite at the apple. DE 185, 186. A hearing was held related to the objection of the parties and overruled. The Court approved the sale and agreement with Gentry in full. DE 212. The sale of the property closed on May 29, 2019. Upon closing, Duggan/Tindall was paid the full amount of their claim together with interest. As a side note, during the pendency of this sale, Tindall claims to have received a transfer of a portion of the Duggan claim. DE 201 - 12-32264. As such, despite being disbarred, Tindall remains as a litigant in the case.

Legal Analysis

Trustee objects to Tindall's counter-claims and believes they are simply an attempt to extort funds from the bankruptcy estate or the Trustee individually. Tindall was disbarred for exactly this type of action, fraud and frivolous pleadings and appears to be at it again. The counter-claims are not well grounded in fact or law and should be dismissed. The claims of Tindall are frivolous

and fail to identify any facts which could possibly be determined to create a breach of fiduciary duty by the Trustee. Pursuant to FRCP 56(b) made applicable to the proceedings under BRCP 7056(b), there is no material fact in dispute and judgment is applicable for the Trustee as a matter of law.

## COUNT I – DECLATORY JUDGMENT

Tindall requests a declatory judgment allowing a secured lien on certain property located at 1011 Jones Road, and declaring Duggan judgment lien a valid first lien against said property. This property was sold and Tindall was paid the full amount of his claim as part of the closing. As this Court held on March 17, 2021 in Court Opinion and Order [Docket No. 78] in Adversary Proceeding No. 20-03012, the secured claim of Tindall is satisfied and paid in full. As such, Tindall has received all that he has asked for in this Count. Tindall has received all that he has asked for and this Count is moot.

WHEREFORE, the Trustee asks this Count be dismissed.

## COUNT II – BREACH OF FIDUCIARY DUTY AND WASTE
### Derived Judicial Immunity

A Bankruptcy Trustee is provided derived judicial immunity for acts which occur in his scope of duty as a trustee. Additionally, should trustee obtain court approval for said acts through the Bankuptcy Court, then the Trustee enjoys immunity from suit by third parties. *Grant, Konvalinka, and Harrison PC v. Banks (In Re McKenzie)* 716 F. 3rd 404 (2013). In this case the Trustee entered an agreement with Diana Gentry, filed a motion for approval of said agreement, forwarded the agreement to the parties, and the motion was approved over the objection of the complaining parties herein.

Entering into agreements such as this is exactly part of the Trustee's duties. 11 U.S.C. §704(1). The Trustee was attempting to convert property of the estate to cash for distribution to creditors in this case. Under *McKenzie*, it is clear that a Trustee acting in the scope of his authority and under court order is immune from claims by third parties. As the Sixth Circuit has recognized, "[C]ase law governing personal liability for trustees has been described by several courts as confusing and sometimes contradictory." *Grant, Konvalinka & Harris, PC v. Banks (In re McKenzie)*, 716 F.3d 404, 412 (6th Cir. 2013), *cert. Den.* 571 U.S. 955 (2013) (internal citations omitted).

Nevertheless, all courts that have considered the issues agree that bankruptcy trustees "are entitled to absolute immunity for all actions taken pursuant to court orders." *Baron v. Sherman (In re Ondova Ltd. Co.)*, 914 F.3d 990, 993 (5th Cir. 2019). *Accord, Gross v. Rell*, 695 F.3d 211, 216 (2nd Cir. 2012); *Yadkin Valley Bank & Trust Co. V. McGee (In re Hutchinson)*, 5 F.3d 750, 753 (4th Cir. 1993); *Gregory v. U.S.*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Lunan v. Jones (In re Lunan)*, 489 B.R. 711, 730 (Bankr. E.D. Tenn. 2012). *See McKenzie,* 716 F.3d at 414 ("a trustee may shield himself from personal liability for breach of his fiduciary duties by obtaining prior approval for actions within the scope of his official duties"). Additionally, see *LeBlanc v. Salem (Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8-9 (1st Cir. 1999). The Court in *McKenzie* specifically provided that a claim against a Trustee by beneficiaries of the estate for breach of fiduciary duties does not provide the Trustee with quasi-judicial immunity. Id@413. That portion of the courts opinion speaks to the general rule of immunity as a Trustee. Later the Court explains the exception to this rule, when a Trustee is acting pursuant to courts order. Id@414. When a Trustee acts within the scope of his official duties and pursuant to the courts order, the Trustee enjoys absolute immunity. Id@414.

The U.S. Supreme Court in *Mosser v. Darrow* 341, US 267 (1951) specifically stated, "…..there are ways in which a Trustee may protect himself against personal liability." "The practice is well established by which Trustees seek instructions from the Court, given notice to creditors and interested parties, as to matters which involve difficult question of judgment……but had it been authorized, at least the assenting creditor might have found themselves estopped to question the transaction." Id@274.

A Trustee is provided with absolute immunity against a claim for breach of fiduciary duty by first obtaining a court order authorizing the action proposed. In re *Heinsom*, 231 BR 48 (1999), the Court identified an exception to the rule that a Trustee is only immune against third parties for a claim of breach of fiduciary duty. The Court stated, "The only exception to this rule, ie, the only time the Trustee is immune from suit by beneficiaries of the estate, is when the Trustee is acting pursuant to specific instructions from the Court. Id@65.

Further in *LeBlanc* @ 8-9, the Court found that when a Trustee obtained an order and followed said order within the scope of his duties, absolute immunity is provided. In the instant case, the Trustee filed a motion and notice with the Court and settlement agreement attached and served same on the parties, Tindle, Duggan, and Elie Bejjani (Attorney for Duggan). Then upon

approval, the Trustee followed the Courts order. As a result, the Trustee should enjoy immunity from these claims.

This Court has ruled on this issue in Adversary Proceeding No. 20-03012 at Docket No. 79. The Court ruled that this exact Counter Claim was denied and The Trustee provided with immunity.

WHEREFORE, the Trustee asks that Count II of Tindall be dismissed.

### COUNT III – ABANDONMENT 11 U.S.C. 554(b)

The Trustee sold the subject property and paid Tindall this secured claim in this matter. An abandonment is not proper given the estate no longer owns the property at issue. Under §554(b) of the Bankruptcy Code, an abandonment is proper if property is burdensome or if of inconsequential value. The property was sold by Court Order and Tindall was paid in full the secured claim he requested. Abandonment seems improper at this point.

WHEREFORE, Trustee prays that this Honorable Court dismiss counts I, II, and III of the Defendant's counter claims.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
52 E. Burdick Street #10
Oxford, Michigan 48371
Dated: 9/20/2022  (248) 236-0985

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

CHRISTOPHER D. WYMAN,

      DEBTOR,

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

/

Samuel D. Sweet, Trustee,
      Plaintiff,

v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
      Defendant.

Adv. No. 19-03018

/

## ORDER RELATED TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND BRIEF PURSUANT TO FRCP 56(b) RELATED TO COUNTER- CLAIMS OF DEFENDANT

This matter having come before this Honorable Court based upon the Trustee's Motion for Summary Judgment and Brief Pursuant to FRCP 56(b) Related to Counter-Claims of Defendant; no objections having been filed to the Trustee's Motion; or any filed objection having been resolved; notice having been provided properly, pursuant to Rule 2002 and 9019 of the Federal Rules of Bankruptcy Procedures; and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that Counter Claims I, II, and III are dismissed with prejudice.

_____
HONORABLE DANIEL S. OPPERMAN
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,

v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
        Defendant.

_____/

Adv. No. 19-03018

**<u>NOTICE OF REQUIREMENT OF WRITTEN RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND BRIEF PURSUANT TO FRCP 56(b) RELATED TO COUNTER- CLAIMS OF DEFENDANT</u>**

      Trustee, Samuel D. Sweet, has filed papers with the Court to related to Trustee's Motion for Summary Judgment and Brief Pursuant to FRCP 56(b) related to Counter-Claims of Defendant.

      **<u>Your rights may be affected.</u>   You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.   (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the Court to allow the Trustee's Motion, or if you want the Court to consider your views on the Motion, within twenty-one (21) days, you or your attorney must:

1.    File with the Court a written response or an answer which must comply with F.R.Civ.P. 8(b), (c) and (e) explaining your position pursuant to L.B.R. 9014-1 at:

            Clerk of the United States Bankruptcy Court
            Eastern District of Michigan-Southern Division
            226 West Second Street, Flint, Michigan 48462-0757

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

      You must also mail a copy to:   Samuel D. Sweet, Attorney for Trustee (at the address below)

2.    If a response or answer is timely filed and served, the Clerk will schedule a hearing on the motion/objection and you will be served with a notice of the date, time and location of the hearing.

      **If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an Order granting that relief.**

                            SAMUEL D. SWEET, PLC

                            /s/ Samuel D. Sweet
                            By: Samuel D. Sweet (P 48668)
                            Attorneys for Trustee
                            52 E. Burdick Street #10
                            Oxford, Michigan 48371

Date Served:   9/20/2022            (248) 236-0985
                            ssweet@trusteesweet.us

[1]Response or answer must comply with F.R. Civ.   P 8 (b) (c) and (e)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - FLINT**

IN RE:

CHRISTOPHER D. WYMAN,

       DEBTOR,
_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
       Plaintiff,

v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
       Defendant.
_____/

Adv. No. 19-03018

## **CERTIFICATE OF SERVICE**

*The undersigned hereby certifies that a copy of the following:*

    Trustee's Motion for Summary Judgment and Brief Pursuant to FRCP 56(b) Related to Counter-Claims of Defendant; Proposed Order; Notice; and Certificate of Service

*was electronically served on the 20th day of September, 2022, upon:*

| | |
|---|---|
| Dennis L. Perkins | Elie Bejjani |
| Attorney for Debtor | Attorney for Barbara Duggan |
| bkperk@sbcglobal.net | elie@bejjanilaw.com |
| (Via ECF Only) | (Via ECF Only) |

*was served via First Class Mail, pre-paid postage, on this 20th day of September, 2022, addressed as follows:*

| | |
|---|---|
| Christopher D. Wyman | Michael E. Tindall |
| 6241 Grand River Road | 18530 Mack Ave., Ste. 430 |
| Brighton, MI 48114 | Detroit, Michigan 48236 |

                                     /s/ Jessica A. Will
                                     SAMUEL D. SWEET, PLC
                                     Jessica A. Will, Legal Assistant
                                     52 E. Burdick Street #10
                                     Oxford, Michigan 48371
                                     (248) 236-0985
                                     jwill@trusteesweet.us