UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

        CASE NO. 19-11756
        HON. DENISE PAGE HOOD

Debtor,

_____

BARBARA DUGGAN,
MICHAEL E. TINDALL,

        Appellants,

v.

SAMUEL D. SWEET, Trustee,

        Appellee.
_____/

## ORDER DENYING MOTION TO WITHDRAW REFERENCE [#1] AND ADMINISTRATIVELY CLOSING CASE

**I.  BACKGROUND**

On May 24, 2012, Debtor Christopher D. Wyman ("Wyman") filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") (Bankruptcy Case No. 12-32264). (Doc # 3, Pg ID 12) Prior to the filing, Defendant Michael E. Tindall ("Tindall"), on behalf of Defendant Barbara Duggan ("Duggan"), obtained a judgment against Wyman. (*Id.*) A Notice of Judgment Lien

1

was subsequently filed against real property located at 1011 Jones Road, Howell, Michigan 48855. (*Id.*) Shortly after the filing, Michael Mason ("Mason") was appointed as the Chapter 7 Bankruptcy Trustee. (*Id.*) During the pendency of this case, Mason retired, and Plaintiff Samuel D. Sweet ("Sweet") was appointed as the Trustee in this matter.

On March 18, 2019, Sweet commenced an Adversary Proceeding against Defendants Tindall and Duggan (collectively, "Defendants") to avoid the enforcement of Duggan's Judgment Lien against the real property. (Adversary No. 19-03018, Doc # 1) In the Adversary Proceeding, Sweet alleged that Duggan failed to renew her Judgment Lien five years from the original filing date pursuant to Mich. Comp. Laws § 600.2809. (*Id.*) On March 22, 2019, Defendants filed a Counter Complaint, which included three counterclaims, including: Declaratory Judgment (Claim I); Breach of Fiduciary Duty and Waste under 11 U.S.C. § 704 (Claim II);[1] and Abandonment under 11 U.S.C. § 554(b) (Claim III). (Adversary No. 19-03018, Doc # 11) Claims I and III are now moot because the real property has been sold. (Doc # 1, Pg ID 3)

---

[1] Even though Sweet claims that Defendants did not specify whether this claim is brought under state or federal law, Defendants indicate in their Counter Complaint that this claim is raised pursuant to 11 U.S.C. § 704.

2

On June 13, 2019, Defendants filed a Motion to Withdraw Reference pursuant to 28 U.S.C. § 157(d). (Doc # 1) According to Defendants, the circumstances of this case "create both grounds for mandatory withdrawal of the reference, and, 'cause' for permissive withdrawal of the reference." (*Id.* at Pg ID 4) In addition to their request to withdraw the reference, Defendants request that the Court stay all further proceedings in the Bankruptcy Court and expedite the hearing on this Motion. (*Id.* at 5.) A Response was filed on June 17, 2019, and a Reply was filed on June 19, 2019. (Doc # 3; Doc # 5) A hearing was held on this matter on July 10, 2019.

## II. STANDARD OF REVIEW

The Bankruptcy Rules provide that a motion for withdrawal of a case shall be heard by a district judge. Bankr.R. 5011(a). Motions for withdrawal must be filed pursuant to Rule 5005(a). The withdrawal statute, 28 U.S.C. § 157(d), provides discretionary and mandatory withdrawal of cases or proceedings referred to the bankruptcy court as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceedings requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). The burden of withdrawal is on the movant. *In re Anderson,* 395 B.R. 7, 9 (E.D.Mich.2008).

Local Rule 83.50 provides:

**(a) Matters Referred to the Bankruptcy Judges**

(1) Unless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

E.D. Mich. LR 83.50(a)(1). Based on the referral, this district court has referred "all cases under Title 11 ... and any or all proceedings arising under Title 11" to the bankruptcy court. The term "proceeding" is generally referred to in connection with the terms "core" and "non-core" proceedings before the bankruptcy court. According to 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and determine all cases under title 11 and *all core proceedings*. The term "core proceeding" has been noted as "the restructuring of debtor-creditor relations, the core of the federal bankruptcy power," which is distinguished from the adjudication of state-created private rights, which are "non-core" proceedings. *See In re Depew,* 51 B.R. 1010, 1013 (Bkrtcy.Tenn.1985). The term "arising under" has a well-defined and broad meaning which gives bankruptcy courts jurisdiction to hear any matter under which a "claim" is made under a provision of title 11, such as a claim of exemptions. *Id.*

4

## III. WITHDRAWAL OF REFERENCE

### A. Mandatory Withdrawal

Defendants request that the Court exercise its authority to withdraw the reference pursuant to 28 U.S.C. § 157(d). Defendants argue that Claim II pertains to a non-core state law tort claim, which not only entitles them to a jury trial, but also prevents the Bankruptcy Court from having the subject matter jurisdiction necessary to hear their Claim. Without going into any detail, Defendants contend that the courts in *Stern v. Marshall*, 564 U.S. 462 (2011), *Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012), and *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014), found that claims such as theirs constitute non-core proceedings.

In response, Sweet argues that Defendants' Claim is a core matter because it concerns and affects the administration of the bankruptcy estate that is at issue. Sweet claims that courts have considered this issue, and ruled that a lawsuit against a trustee is a core matter. Sweet's contention is premised on his belief that he could not have breached a fiduciary duty, because under Michigan law, a trustee only has a duty to the bankruptcy estate and not to each individual creditor. Further, Sweet attempts to distinguish the instant case from *Waldman* and *Stern*, and asserts that those cases involved a debtor and a creditor, as opposed to this case, which includes a trustee and creditors.

5

19-03038-dof Doc 98-1 Filed 04/29/22 Entered 04/29/22 12:39:22 Page 5 of 12

The determinative issue in this case is whether a Breach of Fiduciary Duty and Waste claim under 11 U.S.C. § 704 constitutes a "core proceeding" under 28 U.S.C. § 157(b)(2). Congress has provided a non-exhaustive list of "core" matters in § 157(b)(2), including: 1) matters concerning the administration of the estate; 2) counterclaims by the estate against persons filing claims against the estate; 3) proceedings to determine, avoid, or recover preferences and fraudulent conveyances; 4) orders to turn over property of the estate; and 5) confirmation of plans. 28 U.S.C. § 157(b)(2). A bankruptcy court may hear and determine a core proceeding, unless a party demands a jury trial. 28 U.S.C. § 157(b)(1), (e). Absent consent of the parties, the bankruptcy judges will conduct hearings and file proposed findings of fact and conclusions of law on non-core proceedings. E.D. Mich. LR 83.50(a)(3).

The Court finds that Claim II clearly falls under the *core proceedings* category because it is premised on Sweet's potential liability for violating 11 U.S.C. § 704. § 157(b)(2)(A) straightforwardly indicates that core proceedings include "matters concerning the administration of the estate." Claim II is based on Defendants' argument that Sweet failed "to protect and preserve property of the Bankruptcy Estate for the benefit of the creditors." (Adversary No. 19-03018, Doc # 11) Defendants' Claim directly relates to the manner in which Sweet allegedly carried out his obligations while *administering the estate. See* 28 U.S.C. § 157(b)(2).

Defendants have argued that their Claim is a state law tort claim, which therefore would require the Court to determine that it should be deemed a non-core proceeding. The Court is unconvinced by such an argument. In Defendants' Counter Complaint, they determined that they would bring forward a Breach of Fiduciary Duty and Waste claim pursuant to 11 U.S.C. § 704. There was no mention of any state law violations. The Court will not allow Defendants to now make such an argument because it is convenient for them. Claim II is based on federal law and the Court will assess Defendants' Claim as such for purposes of the instant Motion.

Defendants additionally contend that the courts in *Stern*, *Waldman*, and *Arkison* found that claims similar to theirs were non-core proceedings. The difference between those three cases and the instant case however, is that those cases each assessed *state law claims*. As mentioned, Claim II is not premised on state law and therefore, those cases are not analogous to the present case.

Since the proceeding here is a *core proceeding*, the Court must assess whether Defendants are entitled to mandatory withdrawal. There are three conditions in the statute which must be met to withdraw a case or proceeding under the mandatory withdrawal provision in § 157(d): 1) the movant is a party; 2) the motion is timely; and 3) the resolution of the proceeding before the Bankruptcy Court requires consideration of both Title 11 and another federal law regulating organizations or

activities affecting interstate commerce. *In re Baldwin–United Corp.*, 47 B.R. 898, 899 (S.D.Ohio 1984).

Here, the Court finds that Defendants have not satisfied all three prongs of the mandatory withdrawal analysis. The first prong has been met as to Duggan because she is a party to the underlying bankruptcy action.[2] The second prong has been satisfied. Courts have determined that something will be considered *timely* if it is done at the "first reasonable opportunity." *In re Baldwin–United Corporation*, 57 B.R. 751, 753 (S.D.Ohio 1985). Courts have further explained that timeliness requires that action be taken without undue delay and must be evaluated in the context of the specific situation. *Id.* The Adversary Proceeding commenced on March 18, 2019, and the present Motion was filed on June 13, 2019. The Court determines that a period of approximately three months may be considered *timely* even though there does not appear to be a reason why Defendants could not have filed the instant Motion sooner, and Defendants have not explained why they waited almost three months to file their Motion. Finally, the Court finds that the third prong has *not* been met because the only law at issue is 11 U.S.C. § 704. No other "federal

---

[2] Tindall is not a party to the *original* bankruptcy action. The Supreme Court has noted that a "party" to a litigation is "one by or against whom a lawsuit is brought" or one who "becomes a party by intervention, substitution, or third-party practice." *Smith v. Bayer Corp.*, 564 U.S. 299, 312 (2011).

law regulating organizations or activities affecting interstate commerce" has been referenced by Defendants in relation to Claim II and they have not argued otherwise.

**B. Discretionary Withdrawal**

Defendants argue that the Court should alternatively exercise its authority pursuant to 28 U.S.C. § 157(d)'s discretionary withdrawal provision. Regarding discretionary withdrawal, it appears that Defendants insist that the Court should use its discretionary authority to withdraw the reference since the Bankruptcy Court relocated from Flint, Michigan to Bay City, Michigan. Defendants seemingly argue that this relocation will make it more difficult for them and their counsel to appear at subsequent proceedings. Defendants assert that this case should be heard in this Court because it would be less burdensome for them and their counsel to travel to Detroit, Michigan as opposed to Bay City, Michigan. The Court notes that Sweet did not address Defendants' argument pertaining to a potential discretionary withdrawal.

Section 157(d) grants the district court the discretion to withdraw the reference for "any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." In considering a withdrawal motion, "whether a proceeding is core or non-core…is a central question." *In re Appalachian Fuels, LLC,* 472 B.R. 731, 2012 WL 1344984 at *4 (E.D.Ky.2012). A district court should first evaluate whether the claim is core or non-core and then

9

turn to the other factors. *Id.* Courts have considered the following factors to determine whether cause exists to withdraw the reference: 1) judicial economy; 2) uniformity in Bankruptcy administration; 3) reducing forum shopping and confusion; 4) fostering economical use of the debtor's and creditor's resources; 5) expediting the bankruptcy process; and 6) the presence of a jury demand. *Id.* at *3. Other courts in this circuit have found that discretionary withdrawal of reference requires "compelling" cause. *Id.*

The Court finds that the justification offered by Defendants is not *compelling*. While the Court understands that the relocation of the Bankruptcy Court might be a hardship for Defendants as it relates to their travel to future proceedings, the Court does not believe that it will impose a burden on Defendants that is significant enough for the Court to exercise its discretion to withdraw the reference.

**C. Jury Trial**

Defendants additionally assert that they are entitled to a jury trial before this Court and "have not and do not consent to the Bankruptcy Court hearing and/or entering Judgment on Count II." (Doc # 1, Pg ID 4) Parties may consent to a jury trial before the Bankruptcy Court if *all parties* so agree. 28 U.S.C. § 157(e) states:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

19-03018-dof   Doc 80   Filed 08/29/19   Entered 08/29/19 08:39:22   Page 10 of 12

28 U.S.C. § 157(e). Considering that Defendants do not consent to a jury trial in the Bankruptcy Court, but still demand a jury trial, the referral of the case may be withdrawn by the District Court. However, Defendants have not shown that they are entitled to a jury trial as to Claim II. As argued by Sweet, as a trustee, he has no duty to the creditors, only to the bankruptcy estate under Michigan law. The Court denies Defendants' request for a jury trial at this time. If it is determined that Defendants are entitled to a jury trial before this Court, the Court finds that in the interest of judicial economy, the Bankruptcy Court should complete the pre-trial portion of this case. Other courts have similarly found this approach to be appropriate in these instances. *See In re Collins & Aikman Corp.*, No. 05-55927, 2006 WL 6584164, at *2 (E.D. Mich. June 15, 2006); *see also In re Solar Stamping & Mfg., LLC*, No. 08-13433, 2008 WL 4239146, at *1 (E.D. Mich. Sept. 10, 2008). After pre-trial matters conclude, and the case is ready for trial, the parties and the Bankruptcy Court will then notify the Court, and a final pretrial conference and date for the jury trial will be set.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that the Motion to Withdraw Reference (Doc # 1) is **DENIED**.

IT IS FURTHER ORDERED that this case is **ADMINISTRATIVELY CLOSED**.

DATED: August 22, 2019

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge