UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CHRISTOPHER D. WYMAN
*Debtor(s),*

SAMUEL D. SWEET, Trustee,
Plaintiff,

ADV. NO:19-03018

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

Defendant.

## CLAIMANT'S NOTICE AND MOTION AND BRIEF TO STRIKE DE 93 AMENDED AFFIRMATIVE DEFENSES FILED BY TRUSTEE SWEET

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34); and, an independent party in interest holding a separate secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter "allowed secured claim"), and for this NOTICE AND MOTION TO STRIKE states:

1. On September 20, 2022, Trustee Sweet filed his MOTION FOR SUMMARY JUDGMENT, DE 88 in this matter.
2. On October 12, 2022, Claimant filed his RESPONSE to that motion. DE 89.

3. Thereafter, on October 31, 2022, Sweet filed DE 93 entitled "AMENDED AFFIRMATIVE DEFENSES". See, Exhibit 1.

4. Although the certificate of service attached to DE 93 recites that the document was "served" Mail[1] ON October 31, 2022, as of November 8, 2022, no such document has been received.

5. FRCP 15 clearly states that **"leave" of the Court is required** to file an amended pleading. Usually, this is done by motion, under local and federal rules of bankruptcy, with notice of the motion to opponents. NO SUCH MOTION HAS BEEN FILED IN THIS MATTER, AND, THE DOCKET [as of 11-8-2022] CLEARLY REFLECTS NO "LEAVE" HAS BEEN GRANTED BY THIS COURT TO MAKE SUCH AN AMENDMENT.[2]

6. Although Rule 15(a) indicates that leave to amend shall be freely granted, **a party must act with due diligence if it intends to take advantage of the Rule's liberality."**[3]

7. The SIXTH CIRCUIT requires 'at least some significant showing of prejudice to deny a motion to amend based solely upon delay."[4] **"The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of**

---

[1] To date, Claimant has received all filings mailed to him at the address of record EXCEPT DE93.

[2] It should also be noted that the sole Affirmative Defense added in DE 93 is QUASI JUDICIAL IMMUNITY.

[3] *Church Joint Venture, LP v. Blasingame,* 947 F. 3d 925 ) 6th Cir 2020); *Pittman v. Experian Info. Sols., Inc.,* 901 F.3d 619, 641 (6th Cir. 2018) (quoting *United States v. Midwest Suspension & Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995).

[4] *Siegner v. Twp. of Salem,* 654 F. App'x 223, 228 (6th Cir. 2016) (quoting *Prater v. Ohio Educ. Ass'n,* 505 F.3d 437, 445 (6th Cir. 2007)).

prejudice."[5] And "[a]llowing an amendment after discovery is closed and summary judgment motions are fully briefed imposes significant prejudice on defendants."[6] Allowing amendment after summary judgment motions have been decided is especially problematic.[7]

8. Because NO LEAVE has been granted, DE 93 must be struck.
9. Should a proper motion under FRCP 15(a) be filed, it must be denied due to prejudice.

Dated: 11/8/22

/S/ _____
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

---

[5] *Pittman*, 901 F.3d at 641 (quoting *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)).

[6] *Siegner*, 654 F. App'x at 228 (quotation omitted) (finding prejudice to the defendant when the amendment was filed one month after the motion cut-off date).

[7] *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458-59 (6th Cir. 2013) ("[A]llowing amendment under these circumstances would encourage delay and bad faith on the part of plaintiffs and prejudice defendants...."), *abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP*, ___ U.S. ___, 139 S. Ct. 1029, 203 L.Ed.2d 390 (2019); *Church*, At 934.

IN RE:

CHRISTOPHER D. WYMAN,

      DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
      Plaintiff,

v.

Barbara Duggan,
      Defendant.

_____/

Adv. No. 19-03018

## AMENDED AFFIRMATIVE DEFENSES

NOW COMES Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and for his Amended Affirmative Defenses states as follows:

1.    Quasi judicial immunity.

WHEREFORE Trustee requests that this Honorable Court dismiss the counter claim in this case and grant any such further relief that this Court deems just and proper.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By: /s/ Samuel D. Sweet
Samuel D. Sweet (P48668)
Attorneys for Trustee
52 E. Burdick Street #10
Oxford, Michigan 48371
(248) 236-0985
ssweet@trusteesweet.us

Dated: 10/31/2022

Ex/

IN RE:

CHRISTOPHER D. WYMAN,

    DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
        Plaintiff,

v.

Barbara Duggan,
        Defendant.

_____/

Adv. No. 19-03018

## CERTIFICATE OF SERVICE

*The undersigned hereby certifies that a copy of the following:*

    Amended Affirmative Defenses

*was electronically served on the 31st day of October, 2022, upon:*

    Dennis L. Perkins
    Attorney for Debtor
    bkperk@sbcglobal.net
    (Via ECF Only)

*was served via First Class Mail, pre-paid postage, on this 31st day of October, 2022, addressed as follows:*

Christopher D. Wyman
6241 Grand River Road
Brighton, MI 48114

Michael E. Tindall
18530 Mack Ave., Ste. 430
Detroit, Michigan 48236

        /s/ Jessica A. Will
        SAMUEL D. SWEET, PLC
        Jessica A. Will, Legal Assistant
        52 E. Burdick Street #10
        Oxford, Michigan 48371
        (248) 236-0985
        jwill@trusteesweet.us

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
           *Debtor(s),*

ADV. NO:19-03018

_____\\

SAMUEL D. SWEET, Trustee,
        Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

BARBRA DUGGAN,
        Defendant.

_____\\

## CERTIFICATE OF SERVICE
### (Modified for PEDUP)

Defendant, in pro per, hereby certifies that

**CLAIMANT'S NOTICE AND MOTION AND BRIEF
TO STRIKE DE 93
AMENDED AFFIRMATIVE DEFENSES FILED BY TRUSTEE
SWEET**

was submitted for filing through the PEDUP program on November 8, 2022 and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Dated: 11/8/2022

MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

1