## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

        DEBTOR,

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

Samuel D. Sweet, Trustee,
                Plaintiff,
v.

Michael E. Tindall, Individually and as 100%
assignee of Barbara Duggan,
                Defendant.

_____/

Adv. No. 19-03018

## TRUSTEE'S RESPONSE AND BRIEF TO CLAIMANT'S NOTICE AND MOTION AND BRIEF TO STRIKE DE 93 AMENDED AFFIRMATIVE DEFENSES FILED BY TRUSTEE SWEET [DN 99] AND A REQUEST FOR LEAVE FOR THE AMENDED AFFIRMATIVE DEFENSES

**NOW COMES** Trustee, Samuel D. Sweet, ("Trustee"), by and through his counsel, Samuel D. Sweet, PLC, and hereby states as follows:

The Trustee objects to "Claimant", Michael Tindall's assertion that the Affirmative Defenses in this matter should be stricken.

A review of the facts and circumstances in this case indicate that no prejudice will be inflicted on Mr. Tindall nor is it inappropriate to amend affirmative defenses in this stage of the case.

This case was originally filed on March 18, 2019 as a claim against Tindall's client, Duggan. The original claim by the Trustee was dismissed voluntarily and Tindall filed 3 separate counter claims in this matter. Those counter claims were originally requested to be heard by jury trial and Tindall filed a Motion to withdraw the reference and allow this case to be heard by the District Court. The District Court denied this request and indicated that these were core matters

and they were properly before this bankruptcy court.   Further, the District Court ruled that the counter claim did not possess state law claims.

Almost immediately upon the filing of these counter claims Trustee Sweet filed a Motion for Summary Judgment specifically identifying 3 basis upon which the trustee believes that the counter claims are misplaced and that the Trustee possesses an absolute defense.   Among those defenses in DE 49 include immunity, prior settlement and facts not supporting claim.

Subsequent thereto Tindall filed a response to this Motion for Summary Judgment and did not mention a requirement for Affirmative Defense pleading nor any other claim that was required by the Trustee DE 62.   DE 49 was filed in May of 2019 and is still pending.   Tindall failed to raise the defense that the Trustee did not mention immunity in his Affirmative Defenses but rather plead it in a Motion for Summary Judgment.

After the motion to withdraw the reference was heard by the District Court and removed back to the bankruptcy court this case was effectively abandoned.   Tindall then filed his counter claims in AP #20-03012.   Those claims were litigated and eventually determined by this court that the claims of Tindall in the counter claim were dismissed and summary judgment was granted in favor of the Trustee.

Now Tindall is attempting a second bite at the apple with respect to this adversary proceeding.

The Trustee is requesting the Affirmative Defenses be amended as no discovery has taken place in this case and prejudice could not be suffered by Tindall as the defense of immunity was plead in May 2019 in this adversary proceeding.   Under Bankruptcy Rule 7015 and Federal Rule of Civil Procedure 15, pleadings should be amended when justice so requires.   Given the defense was plead and Tindall responded to said motion in May of 2019 no prejudice exists.   Under Forman v. Davis, 371 US 178, 182 (1962), "[in the absence of undue delay, bad faith, dilatory motive…. Undue prejudice, futility of amendment, etc. – the amendment should be granted]"

In this case the adversary proceeding was largely abandoned by Tindall to pursue Adversary Proceeding 20-03012.   No discovery has been taken nor has any motions been

restricted or cutoff dates imposed.   The defense sought was plead immediately upon the filing of the claim of Tindall, as no prejudice is present.

As a result of the foregoing and based upon cases cited and based upon the facts of this case an amendment to the Affirmative Defenses is appropriate and should be allowed by this court as no prejudice exists for the Defendant/Counter-Plaintiff herein.

**WHEREFORE**, Trustee prays this Honorable Court deny the motion of Michael E. Tindall and provide for such other and further relief this Court deems just and proper.

Respectfully submitted,

SAMUEL D. SWEET, PLC

By:_____/s/ Samuel D. Sweet_____
Samuel D. Sweet (P48668)
Attorneys for Trustee
52 E. Burdick Street #10
Oxford, Michigan 48371
Dated: 11/22/2022   (248) 236-0985
ssweet@trusteesweet.us

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

CHRISTOPHER D. WYMAN,

               DEBTOR.

_____/

CASE NO. 12-32264-dof
CHAPTER 7
HONORABLE DANIEL S. OPPERMAN

## <u>CERTIFICATE OF SERVICE</u>

*The undersigned hereby certifies that a copy of the following:*

Trustee's Response and Brief to Claimant's Notice and Motion and Brief to Strike DE 93 Amended Affirmative Defenses filed by Trustee Sweet and a Request for Leave of the Amended Affirmative Defenses along with a copy of this Certificate of Service

*was electronically served on the 22nd day of November, 2022, upon:*

      Dennis L. Perkins
      Attorney for Debtor
      bkperk@sbcglobal.net
      (Via ECF Only)

*was served via First Class Mail, pre-paid postage, on this 22nd day of November, 2022, addressed as follows:*

      Christopher D. Wyman            Michael E. Tindall
      6241 Grand River Road           18530 Mack Ave., Ste. 430
      Brighton, MI 48114               Detroit, Michigan 48236

                  _/s/ Jessica A. Will_____
                  SAMUEL D. SWEET, PLC
                  Jessica A. Will, Legal Assistant
                  52 E. Burdick Street #10
                  Oxford, Michigan 48371
                  (248) 236-0985
                  jwill@trusteesweet.us