UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

_____\
SAMUEL D. SWEET, Trustee,
    Plaintiff,

ADV. NO:19-03018

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

    Defendant,
_____\

## REPLY IN SUPPORT OF DE 99 CLAIMANT'S NOTICE AND MOTION AND BRIEF TO STRIKE DE 93 AMENDED AFFIRMATIVE DEFENSES FILED BY TRUSTEE SWEET

MICHAEL E. TINDALL, (hereinafter "Claimant"), Assignee of all [100%] claims of BARBARA DUGGAN ($32,240.34); and, an independent party in interest holding a separate secured attorney lien ($34,100.00/$21,869.33) against the proceeds of the Realty (hereinafter "allowed secured claim"), and for this REPLY supporting DE 99, states:

1. On November 22, 2022, Trustee Sweet filed DE 110, his RESPONSE To Claimant's MOTION TO STRIKE, DE 99, in this matter.

2. In that RESPONSE, Sweet feely admitted that he did NOT comply with FRCP 15(a) by filing the mandatory motion for leave to amend.

3. In that RESPONSE, Sweet freely admitted that this Court did NOT grant leave to amend, as required by the rule.

4. In that RESPONSE, Sweet freely admitted that he – nevertheless – filed DE 93 anyway.[1]

5. Based on these admissions, it should be GAME OVER, MOTION GRANTED.[2]

6. Instead, Sweet – again – violates applicable court rules,[3] and, attempts – again – to add his affirmative defenses through his RESPONSE.[4]

---

[1] "The Trustee objects to "Claimant", Michael Tindall's assertion that the Affirmative Defenses in this matter should be stricken. "DE 110, p1 of 4. 4.

[2] "... **a party may amend the party's pleading only by leave of court...**" FRCP 15(a).

[3] **LBR 9014-1 Motion Procedure Generally** "Unless permitted otherwise by applicable rule, **a party seeking relief must file a motion.**"; **Fed. R. Bank P 9014(a)** "...relief **shall be requested by motion**, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought..."; **FRCP 7 (b) "MOTIONS AND OTHER PAPERS."** (1) *In General.* A request for a court order **must be made by motion**. The motion **must:** (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." *Page v. City of Southfield, 45 F. 3d 128, 133 (6th Cir 1995)*(Although the definition of *sua sponte* does refer to the term "motion," **the definition of "motion," however, does not contemplate something a court does on its own. Rather, "motion" is defined as "[a]n application made *to a court or judge* for the purpose of obtaining a rule or order directing some act to be done in favor of the applicant." BLACK'S LAW DICTIONARY 1013 (6th ed. 1990) (emphasis added))**

[4] "The Trustee is **requesting the Affirmative Defenses be amended** as no discovery has taken place in this case and prejudice could not be suffered by Tindall as the defense of immunity was plead in May 2019 in this adversary proceeding. Under Bankruptcy Rule 7015 and Federal Rule of Civil

7. The SIXTH Circuit Court of Appeals has, repeatedly, ruled that a party may not use a RESPONSE as a vehicle to amend or seek amendment of his pleadings.[5]

Claimant's MOTION, DE 99, must be GRANTED. Claimant's 18 USC 1927 MOTION FOR SANCTIONS against Sweet for this and various other intentional violations of applicable court rules will be forthcoming.

Dated: 11/30/22

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
**Direct Email: met@comcast.net**

---

Procedure 15, pleadings should be amended when justice so requires. Given the defense was plead and Tindall responded to said motion in May of 2019 no prejudice exists." DE 110, P 2 of 4.

[5] *Page, supra, n3*; *Waskul v. Washtenaw County Community Mental Health, 979 F. 3d 426 (6th Cir 2020)* ("If plaintiffs believe they need to supplement their complaint with additional facts to withstand [a motion to dismiss]... they have a readily available tool: a motion to amend the complaint under Rule 15." *Id.* They cannot **"amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint.");** *Bates v. Green Farms Condominium Association, 958 F. 3d 470, 4883--84 (6th Cir 2020)* (Plaintiffs **cannot, by contrast, amend their complaint in an opposition brief** or ask the court to consider new allegations (or evidence) not contained in the complaint. *See, e.g.*, Robbins v. New Cingular Wireless *PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014); *Heinrich*, 668 F.3d at 405. "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the **plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint.**" *Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993).)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        *Debtor(s),*

ADV. NO:19-03018

SAMUEL D. SWEET, Trustee,
        Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

BARBRA DUGGAN,
        Defendant.

## CERTIFICATE OF SERVICE
(Modified for PEDUP)

Defendant, in pro per, hereby certifies that

**CLAIMANT'S REPLY IN SUPPORT OF DE 99 NOTICE AND MOTION AND BRIEF TO STRIKE DE 93 AMENDED AFFIRMATIVE DEFENSES FILED BY TRUSTEE SWEET**

was submitted for filing through the PEDUP program on November 30, 2022 and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Dated: 11/30/2022

/S/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

19-03018-dof    Doc 113    Filed 11/30/22    Entered 11/30/22 16:01:10    Page 4 of 4