# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
    CHRISTOPHER D. WYMAN
        ***Debtor(s)*,**

CASE NO. 12-32264

CHAPTER 7
ADV. NO:19-03018

_____\

SAMUEL D. SWEET, Trustee,
       **Plaintiff,**
v.

BARBRA DUGGAN,
      **Defendant.**

_____\

## FRCP 59(e) MOTION TO MODIFY/ALTER/AMEND DE 115

Now come Defendants Counter Plaintiffs and move, pursuant to FRCP 59(e) to modify/alter/amen this Court's interlocutory Order, DE 115, dated December 28, 2022, for the reason that, as more fully set forth below, the Order disregards controlling legal precedent from the United States Supreme Court binding on this Court, and therefore exceeds this Court's judicial power[1] under the applicable statute and court rules[2].

---

[1] *Cheney v. US Dist Ct.*, 542 US 367,380 (2004); *Roche v. Evaporated Milk Assn.*, 319 U. S. 21, 26 (1943) (The peremptory writ of mandamus has traditionally been used in the federal courts only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or <u>to compel it to exercise its authority when it is its duty to do so</u>."); *De Beers Consol. Mines, Ltd. v. United States*, 325 U. S. 212, 217 (1945)(same); *Schlagenhauf v. Holder*, 379 US 104 (1964) (The writ is appropriately issued, however, when <u>there is "usurpation of judicial

Page 1 of 7
19-03018-dof   Doc 125   Filed 01/20/23   Entered 01/20/23 09:48:37   Page 1 of 8

1. For the reasons more fully set forth below, this Court's Opinion and Order of December 28, 2022 is based on a clear "manifest" error of law resulting from the "disregard, misapplication, or failure to recognize/apply "controlling precedent", on the part of this Court, that it is bound to follow.

2. A motion, under FRCP *59(e)*, is proper if it calls to the Court's attention controlling authority that was overlooked or disregarded in the original ruling.

    A. **APPLICABLE MOTION STANDARD:**

    *1. FRCP 59(e):* Motions to alter or amend may be granted if there is **a clear error of law.**[3] The purpose of a Rule 59(e) motion is to

---

power" or a clear abuse of discretion. **Bankers Life & Casualty Co. v. Holland, 346 US 379, 383 (1953)")**

[2] *Los Angeles Brush Corp.* v. *James, 272 U. S. 701, 706 (1927)*( "... [W]here the subject concerns the enforcement of the ... [r]ules which by law it is the duty of this Court to formulate and put in force," mandamus should issue to prevent such action thereunder so palpably improper as to place it beyond the scope of the rule invoked. As was said there at page 707, were the Court "... to find that the rules have been practically nullified by a district judge ... it would not hesitate to restrain [him]. ..."); *Will v. United States, 389 US 90 at 95 and n10 (1967)*(exceptional circumstances amounting to a judicial usurpation of power will justify the invocation of this extraordinary remedy); *(*We note in passing that *La Buy* and the other decisions of this Court approving the use of mandamus as a means of policing compliance with the procedural rules were civil cases. See *Schlagenhauf* v. *Holder, 379 U. S. 104 (1964); McCullough* v. *Cosgrave, 309 U. S. 634 (1940); Los Angeles Brush Mfg. Corp.* v. *James, 272 U. S. 701, 706, 707 (1927) (dictum).)*

[3] *Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).*

allow the district court to make its own corrections, thus sparing the parties and appellate court the burden of unnecessary appellate proceedings.[4] The moving party "must either **clearly establish a manifest error of law** or must present newly discovered evidence."[5] The Seventh Circuit defines **"manifest error"** as the **"wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.**"[6] A motion to alter or amend is proper if it calls to the Court's attention a controlling authority that was overlooked or disregarded in the original ruling.[7]

2. DE 115 recites:

> "In his brief and in oral argument, Mr. Tindall makes much of the failure of Plaintiff to plead immunity in his initial response. Mr. Tindall is correct, but that alone does not completely address the issue.... DE 115, P 8.
>
> ****************
>
> Likewise, time has passed because Mr. Tindall sought appellate review of the District Court's August 22, 2019 Order and he neglected to advise the Court of the completion of his efforts. Moreover, there has not been any activity, much less extensive litigation in this adversary proceeding. Accordingly, the Court finds and concludes that Plaintiff did not waive his immunity and

---

[4] *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008).
[5] *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).
[6] *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).
[7] *Davie v. Mitchell*, 291 F.Supp.2d 573, 634 (N.D.Ohio 2003); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)).

Page 3 of 7
19-03018-dof    Doc 125    Filed 01/20/23    Entered 01/20/23 09:48:37    Page 3 of 8

> that Mr. Tindall's Motion to Strike Plaintiff's Pleading should be denied. DE 115, PP 8-9.
>
> ***************
>
> Federal Rule of Civil Procedure 15 allows for the amendment of pleadings and applies in this instance. Mr. Tindall was on notice of Plaintiff's immunity defense as early as May 2019 and is not prejudiced by the amendment of Plaintiff's defenses. Justice requires this Court to give leave to Plaintiff in this situation, so the Court allows Plaintiff to amend his affirmative defenses as stated in his October 31, 2022 pleading found at Docket #93. DE 115, P

The Court's above cited analysis ignores BOTH the established procedural facts of the this case, as reflected by the Court's own docket; and, a literal plethora of US Supreme Court authority prohibiting this Court from sua sponte asserting/preserving "defenses" not raised by the parties. To the contrary, where a court sua sponte asserts/preserves defenses waived or not raised by a party, it ceases to be the "fair and impartial" decision maker the Constitution requires, and violates the litigant's right to due process.

## A. <u>FACTUAL/PROCEDURAL ERROR:</u>

This Court's docket clearly reflects that Sweet filed his Answer, DE 30, on April 9, 2019. Sweet did NOT plead immunity or any other affirmative defense. The US Supreme court made clear, in *Wood v. Milyard, 566 US 463, 132 S. Ct 1826, 1832 (2012):*

> "An affirmative defense, once forfeited, is "<u>**exclu[ded] from the case**</u>," 5 C. Wright & A. Miller, Federal Practice and Procedure § 1278, pp. 644-645 (3d ed. 2004), and, as a rule, cannot be asserted on appeal. See Day, 547 U.S., at 217, 126 S.Ct. 1675 (SCALIA, J., dissenting); Weinberger v. Salfi, 422 U.S. 749, 764, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); McCoy v. Massachusetts Inst. of Technology, 950 F.2d 13, 22 (C.A.1 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal.")."

Therefore, almost 60 days later, on May 23, 2019, NOTHING existed to "take notice" of, contrary to this Court's suggestion recited above, as it had – already – been "**excluded from the case**". Perhaps more cogently, no FRCP 15 motion had been filed by Sweet, between April 9 and May 23, 2019, seeking to resurrect the defense that had already been waived and excluded. Sweet's attempt, on May 23, 2019, to assert a defense that no longer existed was notice of nothing.

### B. <u>LEGAL ERROR CONTRARY TO US SUPREME COURT PRECEDENT</u>

The US Supreme Court has, repeatedly, made clear that federal courts are not at liberty to sua sponte assert defenses waived by a party in litigation. *Arizona v. California, 530 US 392, 413-13 (2000)*. Doing this erodes the principle of party presentation basic to the neutral system of adjudication maintained by United States courts. *Id.* In a neutral system, a defendant should be the party pointing out the weaknesses of a plaintiff's claim. If the Court raises this argument on the defendant's behalf, the system is no longer neutral, and the Court has become the defendant's representative. *Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)(***The federal system is an adversarial system of justice. If the system functions normally, "courts are generally limited to addressing the claims and arguments advanced by the parties."***) Parties are obliged to present facts and legal arguments before a neutral and relatively passive decision-maker." *Eriline Co. S.A. v. Johnson, 440 F.3d 648, 654 (4th Cir. 2006)*[8]

---

[8] The Supreme Court has described FRCP 8(c) in absolute terms: the rule "identifies a non-exhaustive list of affirmative defenses that **must be pleaded**" in response to a complaint. *Jones v. Bock, 549 U.S. 199, 212 (2007) (emphasis added);* Moreover, FRCP 8(c), and all "the Federal Rules of Civil Procedure are 'as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard he Rule[s] . . . than they do to disregard constitutional or statutory provisions.'" *Chambers v. NASCO, Inc., 501 U.S. 32, 66 (1991)*

In *Henderson,* the Court stated:

> **"This reasoning overlooks the importance of procedural default rules in an adversary system, which relies chiefly on the *parties* to raise significant issues and present them to the courts in the appropriate manner at the appropriate time for adjudication.** See *Castro* v. *United States,* 540 U. S. 375, 386 (2003) (SCALIA, J., concurring in part and concurring in judgment) ("Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief"). **Procedural default rules are designed to encourage parties to raise their claims promptly and to vindicate "the law's important interest in the finality of judgments."** *Massaro,* 538 U. S., at 504.[9] The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim.

The Court confirmed this in *Wood, at 1830,* when it stated:

> "Our precedent establishes that a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition. <u>*Granberry v. Greer,* 481 U.S. 129, 134, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987)</u> (exhaustion defense); <u>*Day v. McDonough,* 547 U.S. 198, 202, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006)</u> (statute of limitations defense). Does court discretion to take up timeliness hold when a State is aware of a limitations defense, and intelligently chooses not to rely on it in the court of first instance? The answer *Day* instructs is "no": A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense. *Id.,* at 202, 210, n. 11, 126 S.Ct. 1675. The Tenth Circuit, we accordingly hold, abused its discretion by resurrecting the limitations issue instead of reviewing the District Court's disposition on the merits of Wood's claims."

---

*(Kennedy, J., dissenting) (alteration in original) (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988)).*
[9] *Massaro v. United States, 538 US 500 (2003).*

Mr. Sweet was, obviously, aware of his immunity defense before and on April 9, 2019, when DE 30 was filed, as this Court clearly recited that Sweet obtained the original order through which he claimed that immunity. Sweet was also aware of the immunity defense, on May 23, 2019, as this Court recited that he [improperly] attempted to assert it through DE 44, rather than filing an appropriate FRCP 15 motion to amend. Therefore, it is improper for this Court to sua sponte assert/preserve that defense in direct contravention of Sweet's failure to do so.

For the reasons stated, this Court must modify/alter/amend DE 115 to comply with controlling law, which in turn will result in the clear waiver of the affirmative defense of immunity and require that Summary Judgment be entered in favor of Claimant and against Trustee Sweet.

Respectfully Submitted,

/s/
MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net

Dated: 1/11/23

IN RE:
    CHRISTOPHER D. WYMAN
    *Debtor(s),*

ADV. NO: 19-03018

_____\

SAMUEL D. SWEET, Trustee,
    Plaintiff,

CASE NO. 12-32264
CHAPTER 7

v.

MICHAEL E. TINDALL, Individually and as 100% Assignee of
Barbara Duggan

    **Defendant.**
_____\

## CERTIFICATE OF SERVICE
(Modified for PEDUP)

Defendant, in pro per, hereby certifies that CLAIMANT'S **FRCP 59(e) MOTION TO MODIFY/ALTER/AMEND DE 115** was submitted for filing through the PEDUP program on January 11, 2023 at approximately 3:00 PM, and will be served on Plaintiff Trustee Sweet by the Clerk's filing through the Court's ECF System on the date and at the time so filed by the Clerk.

Dated: 1/11/23

/s/ MICHAEL E. TINDALL
18530 MACK AVE., STE 430
DETROIT, MI 48236
(248)250-8819
Direct Email: met@comcast.net